

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

KENT T. STAUFFER
EXECUTIVE DEPUTY ATTORNEY GENERAL
DIVISION OF STATE COUNSEL

LISA R. DELL
ASSISTANT ATTORNEY GENERAL IN CHARGE
LITIGATION BUREAU

WRITER'S DIRECT DIAL
(212) 416-8552

December 9, 2015

**By ECF**

Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Brady v. Schneiderman*, No. 15 Civ. 9141 (RA)

Dear Judge Abrams:

This Office represents Defendant Eric T. Schneiderman, the Attorney General of the State of New York, in the above-referenced action. We respectfully request an extension of time to respond to the Complaint from December 11, 2015, to January 8, 2016. There has been no prior request for an extension of Defendant's time to respond to the Complaint.

Plaintiff *pro se* James H. Brady alleges that New York State judges improperly ruled against him in prior litigation concerning the development rights above his cooperative penthouse apartment in Manhattan, and that he was sanctioned almost $400,000 in state court. Earlier this year, Plaintiff filed, and voluntarily withdrew, an action for damages in this Court against Attorney General Schneiderman and other New York State defendants. *Brady v. New York State Commission on Judicial Conduct*, No. 15 Civ. 2264. Plaintiff refiled his damages claim against the Attorney General's Office and others in the New York State Court of Claims. *Brady v. State of New York*, Claim No. 15-188024-0. That case is ongoing. He brings the instant action, seeking a "Mandatory Injunction enjoining [Attorney General Schneiderman] to perform his duty and uphold the New York Constitution and investigate why" Plaintiff was sanctioned in state court, and "to ask the state Justices why they rewrote" his alleged contractual rights. Compl. ¶¶ 1-2.

We anticipate moving to dismiss the instant action pursuant to Federal Rule of Civil Procedure 12(b). We request additional time to evaluate the various grounds for dismissal (which may include sovereign immunity, prosecutorial immunity, res judicata, collateral estoppel, and various federal abstention doctrines), and to present the issues to the Court in concise and effective motion papers.

Plaintiff does not consent to the extension. We appreciate the Court's attention to this matter.

Respectfully submitted,

/s/
Michael A. Berg
Assistant Attorney General

cc: Mr. James H. Brady (by email)