December 14, 2015

James H. Brady
450 West 31st Street
12th Floor
New York, NY 10001
bradyny@gmail.com
(201) 923-5511



Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square New York, NY 10007

Re: *Brady v. Schneiderman*, No. 15 Civ. 9141 (RA)

Dear Justice Abrams:

I am *pro se* plaintiff James Brady in the above listed case. I am writing in response to Mr. Berg's December 9, 2015 letter to the Court. Through this letter I am also requesting: 1) Oral Arguments; 2) that the Court sign a subpoena for the testimony of the Offering Plan's sponsor, Arthur Green; and 3) a stay the enforcement of sanctions until it is determined that they were unconstitutionally imposed through a corrupt decision.

The December 9,2015 letter to this Court from Michael A. Berg, Assistant Attorney General, representing Defendant Attorney General Eric T. Schneiderman. proves the need for a Mandatory Injunction by this Court. Mr. Berg's letter states that "Plaintiff does not consent to the extension," but fails to state why I opposed it.

The reason I did not agree to an extension is because I do not want another year of my life ruined by what should have been solved in ten minutes – and can still be solved quickly with the testimony of the Offering Plan's sponsor, Arthur Green.

As the attached emails show, the Attorney General has refused my repeated pleads and deal that I would happily drop my suit before this court and the Court of Claims if the Attorney General would simply defend the Offering Pan description of my apartment as it was described and promised in the Offering Plan that was registered in the Attorney General's Office at the time the Plan was declared effective in 1981.

All I asked for in exchange was that they perform their duty and require Justice Kornreich to explain the line of reasoning or legal authority that she used to feel entitled to rewrite the Offering Plan description of my apartment to void the air rights given given to my unit in the Offering Plan and Affirmed Appellate Division, First Department, February 11, 2010 Decision.

1

The Attorney General refused and instead plans on putting in a motion to dismiss so that this question is never asked or answered.

## I.     Oral Arguments

I am requesting an Oral Argument with this court so that Mr. Schneiderman can explain what the Seventh Paragraph Footnote to the Schedule of Units in the Amended Offering Plan means to him. The Offering Plan and its First and Second Amendments where specifically registered with the Attorney General's Office to avoid the fraud that I have been subjected to. The Attorney General should certainly explain to this Court what the Seventh Paragraph Footnote means to him. This is necessary since to him, and only others with absolute immunity, the Seventh Paragraph Footnote to the Schedule of Units does not mean what it says on its face.

An Oral argument is needed so that the Attorney General can explain to this Court the purpose of seeking a motion to dismiss rather then voluntarily just asking Supreme Court Justice Shirley Kornreich why she rewrote an Offering Plan contract and hire court Order to void my affirmed contract rights. Their hope is that this Court will grant the motion to dismiss so that no one ever has to explain the line of reasoning for the Decision that is about to leave my family in financial ruins. Their is no other purpose for their motion to dismiss.

By asking this Court to dismiss my motion for a mandatory injunction, defendants are certainly asking this Court to to go along with their collusion and scheme to obstruct justice and leave the victim of this crime and his family in financial ruin for doing nothing more then fighting for his rights against much more powerful and deep pocketed developers, law firms, and their title insurance company. During this Court Senate Confirmation Hearings, the Court specifically stated that she would defend the rights of *individuals*, and I plead with the Court to uphold that promise.

It is likely that the Attorney General knew this court has too much integrity to not go along with the collusion and become part of this cover-up. This is why Mr. Berg asked me over the phone on December 8, 2015 whether I would consider switching to a different judge. Of course I said no and that I wanted the judge randomly assigned.

Finally it should be noted that during my phone conversation with Mr. Berg on December 8, and in emails dated December 9, December10, and December 11, 2015, I pleaded with Mr. Berg that I would discontinue this motion and strongly consider dropping my damages claim in the Court of Claims if the Attorney General simply protected my contract rights as they were listed in the Offering Plan that was registered with their Office. (See attachments of emails from December 9-11, 2015). The attorney general would rather fight against the victim of this crime and hopes that this question can be forever avoided for the benefit of others.

## II.     Subpoena

The Court is also asked to sign a subpoena for the testimony of Arthur Green, the sponsor of the Offering Plan, so he can tell this Court himself the meaning and intent of why he added the Seventh Paragraph Footnote in the Second and Final Amendment, as a final term before agreeing to declare the Offering Plan effective.

It should be noted that three state justices have refused to sign such a subpoena. These Justices include Supreme Court Justices Shirley Kornreich and Margaret A. Chang. Both of these justices chose instead to make their decisions without Arthur Green's testimony so that they could chastise me in their decisions as bringing repeated meritless claims in the New York State Court System.

The third judge who refused to sign the subpoena is Court of Claim's Justice Thomas H. Scuccimarra of the Court of Claims, where I filed a suit against the Attorney General and the State of New York.

In the Co-op's Offing Plan, Arthur Greene specifically disclosed he was keeping the 12th Floor and Roof Unit for himself. The Offering Plan also shows that he measured the lot and building down to the square foot. The utilized development rights were stated as 104,000 square feet, thus according to the Offering Plan and development rights above the 104,000 were to be convened to and reserved for what was then his "12th Floor and Roof Unit."

The Attorney General (and all the other appropriate people that I complained to about this unlawful conduct) knows all these facts but have done nothing to give me equal protection under the law as corrupt Justices rewrote the contract description of my apartment to steal the air rights the parties to the contract agreed were promised and appurtenant to my 12th Floor and Roof Unit.

The enclosed transcript from September 8, 2014 shows that Justice Kornreich did not deny that she falsified the prior decision and rewrote it. Mr. Schneiderman has been shown this transcript and done nothing. Only through a mandatory injunction will he be compelled to ask Justice Kornreich by what legal authority she rewrote an affirmed Appellate Division decision and the Co-op Offering Plan.

For the above reasons, I plead that my request for oral argument is granted, that the subpoena of the sponsor of the Offering Plan be be signed; and that, in the interest of justice and to avoid irreparable harm to plaintiff and his family, this court stay any enforcement of sanctions until it is determined that they were constitutional and not issued through a corrupt decision.

James H. Brady

# EXHIBIT

# A

On <mark>Tue, Dec 8, 2015</mark> at 3:54 PM, Michael Berg <Michael.Berg@ag.ny.gov> wrote:

> Dear Mr. Brady,
> I just left you a voice-mail.
> Please call me as soon as possible at 212.416.8651 to discuss scheduling and procedural matters in your civil action against AG Schneiderman.
> Regards,
>
> Michael A. Berg
> Assistant Attorney General
> Deputy Section Chief
> State of New York
> Office of the Attorney General
> 120 Broadway, 24th Floor
> New York, New York  10271
> (212) 416-8651
> michael.berg@ag.ny.gov

**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.

---------- Forwarded message ----------
From: **Jim Brady** <bradyny@gmail.com>
<mark>Date: Wed, Dec 9, 2015</mark> at 12:57 PM
Subject: Re: Brady v. Schneiderman
To: Michael Berg <Michael.Berg@ag.ny.gov>

Dear Mr. Berg

I am following up on our conversation from yesterday December 8,2015.

As I said then, I would drop my complant in federal court  if the Attorney General agrees to simply asks  Supreme Court Justice Shirley  Kornreich to explain the line of reasoning or legal authority  that she used to feel entitled  to rewrite the Offering Plan and Appellate  Devision Description of the rights given to my apartment  to void the air  rights the Appellate Devision affirmed I had in its February 11, 2010 Decision.

Certainly this would be the equitable way of very simply resolving this matter without the need for litigation in federal court.

If you cooperate  and act in good faith with this one simple request  I would also  strongly consider

dropping my damages complaint that are sub judice in the Court of Claims.

Thanks you

James Brady


On Wed, Dec 9, 2015 at 4:21 PM, David Diamond <David.Diamond@ag.ny.gov> wrote:

Dear Mr. Brady:

Per the instruction of my colleague Michael Berg, attached hereto is a copy of the letter motion filed today in the above action, requesting an extension of defendant's time to respond to the Complaint.

Sincerely,

David Diamond

Assistant Attorney General
Office of the New York State Attorney General
120 Broadway - 24th Floor
New York, New York 10271
(212) 416-8476 (Office)
(212) 416-6009 (Fax) (Not for Service of Papers)

**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.


---------- Forwarded message ----------
From: **Jim Brady** <bradyny@gmail.com>
Date: Thu, Dec 10, 2015 at 4:44 PM
Subject: Re: Brady v. Schneiderman, 15 CV 9141 (S.D.NY)-Ltr Motion Filed
To: David Diamond <David.Diamond@ag.ny.gov>
Cc: Michael Berg <Michael.Berg@ag.ny.gov>


Dear Mr. Diamond and Berg

I am not yet permitted to use the Court ECF so I would greatly appreciate if any correspondents to or from the court are forwarded to me.

Did you receive a reply to your request for an extension of time to reply? If so please let me know.

Additionally I want to stress again that if you simply require Justice Kornreich to explain why she rewrote the Offering Plan contract description of my commercial apartment to void the air rights that contract gave to my unit I would drop the complaint before Justice Abrams.

Again I am also making the offer that if you agree to ask Justice Kornreich this question I would very strongly consider dropping my Court of Claims complaint since I could then go back after the original defendants that were listed in my complaints before my contract was rewritten to void my rights.

Thank You

James Brady


--------- Forwarded message ----------
From: **Jim Brady** <bradyny@gmail.com>
Date: Fri, Dec 11, 2015 at 12:53 PM
Subject: Re: Brady v. Schneiderman
To: Michael Berg <Michael.Berg@ag.ny.gov>


Mr. Berg

Thank you for forwarding me this information informing me that Justice Abrams granted your request for an extention of time to respond to my Motion.

I think you inadvertently forgot to reply to my offer that if the AG voluntarily agrees to simply ask Justice Kornreich to explain the legal authority or line of reasoning that she used to feel entitled to rewrite the affirmed description of my commercial apartment I would discontinue the motion before Justice Abrams and my claim before the Court of Claims

The Offering Plan was registered with the AG and I hope you agree that i have a right to know why the Offering Plan contract description of my commercial apartment was unlawfully rewritten to void the rights promised in the Offering Plan.

By the way, would the AG voluntarily explain what The Seventh Paragraph Footnote to the schedule of Units means to him?

As we both can surely assume ,know, Justice Abrams would prefer that we settle this matter amicably without her having to make a decision on this motion.

Thank You and I look forward to your reply

James Brady

# EXHIBIT
# B

1

2

3    SUPREME COURT OF THE STATE OF NEW YORK

4    COUNTY OF NEW YORK:   TRIAL TERM PART 54

5    - - - - - - - - - - - - - - - - - - - - -X

6    JAMES BRADY,

7                          Plaintiff-Appellant,

8           - against -                    Index No.
                                           654226/13
9

10   JEFFREY KATZ, individually and as CEO and
     principal owner of Sherwood Equities, Inc.,
11   LONG WHARF REAL ESTATE PARTNERS, LLC,
     CHICAGO TITLE INSURANCE CO., DENNIS W. RUSSO,
12   ESQ., HERRICK FEINSTEIN, LLP, FRANK MCCOURT
     individually and as Chairman & CEO of
13   McCourt Global LP,

14
                          Defendant-Respondents.
15   - - - - - - - - - - - - - - - - - - - - -X

16

17

18

19

20

21

22

23

24

25

26
                 BARBARA STROH, CSR, CRR, CMR

1

2
James Brady,

3
                        Plaintiffs,

4
          - against -                        Index No.
                                             157779/13
5

6
450 WEST 31ST STREET OWNER'S CORP., DESIREE
GREENE, individually and as President of
7
the Board for 450 West 31st Street Owner's
Corp., JIM FRANCO individually and as a member
8
of the Board of 450 West 31st Street Owner's
Corp., KAREN ATTA, individually and as a
9
member of the Board of 450 West 31st Street
Owner's Corp., MOLLY BLIENDEN, individually
10
and as a member of the Board of 450 West 31st
Street Owners Corp., PRISCILLA MCGEEHON,
11
individually and as a member of the Board of
450 West 31st Street Owners Corp., BILL SMITH,
12
individually and as a member of the Board of
450 West 31st Street Owners Corp., OWAIN HUGHES,
13
individually, LINDA KRAMER individually, and as a
member of the Board of 450 West 31st Street Owners
14
Corp., JON CHODOSH, Chodosh Realty Services Inc.,
STANLEY KAUFMAN, ESQ. KAUFMAN FRIEDMAN PLOTNICKI
15
& GRUN LLP, DEIRDRE A. CARSON, ESQ., GREENBERG
TRAURIG, LLP, VINCENT HANLEY, HANLEY & GOBLE,

16
                            Defendants.

17
- - - - - - - - - - - - - - - - - - - - - -X

18
Motion                      60 Centre Street
September 10, 2014          New York, New York

19

20
BEFORE:

          HONORABLE SHIRLEY WERNER KORNREICH,
21
                    Justice.

22
APPEARANCES:

23
          JAMES BRADY
          Plaintiff Pro Se
24
          510 Sicomac Avenue
          Wychoff, New Jersey   07481

25

26
          BARBARA STROH, CSR, CRR, CMR
          OFFICIAL COURT REPORTER
          BARBARA STROH, CSR, CRR, CMR

Proceedings

1    THE COURT:  Yes, what I have in front of me

2   are two applications for orders to show cause in two

3   different actions made by Mr. Brady, James Brady.

4        I ruled on these cases already, so there is

5   already a ruling.  I assume there probably is a notice

6   of appeal on my decision, am I correct?

7        THE PLAINTIFF:  And reargument on the motion

8   with you.

9        THE COURT:  Pardon.  I can't hear you.

10       THE PLAINTIFF:  And a reargument motion made

11  to your Honor that was fully submitted today.

12       THE COURT:  In room 130?

13       THE PLAINTIFF:  Yes, your Honor.

14       THE COURT:  Okay.  So this basically is an

15  order to show cause which asks that sanctions that I

16  have imposed against -- and they've both asked for the

17  same things -- there are various defendants here

18  --that those sanctions be stayed, that it's again

19  asking for reversal of my decision, but there is a

20  reargument, also a notice of appeal, and it's asking

21  that I be recused.

22       Now, then there is also a request for a

23  temporary stay pending the hearing of this order to

24  show cause.

25       It's my understanding that you notified all

26       BARBARA STROH, CSR, CRR, CMR

| | |
|---|---|
| 1 | Proceedings |
| 2 | the other parties, and they have not shown up, am I |
| 3 | correct? |
| 4 | THE PLAINTIFF:  There is a dozen of them |
| 5 | notified, your Honor, yes.  They made a decision |
| 6 | together not to. |
| 7 | THE COURT:  So I don't know what decision or |
| 8 | not, but I will say that you have told my clerk that |
| 9 | you asked the other parties to meet you at 10:30. |
| 10 | THE PLAINTIFF:  Yes, your Honor. |
| 11 | THE COURT:  It is now 11:17, and there are no |
| 12 | other parties.  We have waited.  Nobody else has shown |
| 13 | up, so we're going to -- I am going to just hear the |
| 14 | application and make whatever ruling I'm going to make, |
| 15 | and we are on the record. |
| 16 | So, I have read your papers, and let me say |
| 17 | that I stand by my decision.  I think my decision is |
| 18 | legally required. |
| 19 | The same request, the same legal request, |
| 20 | really, was made in another action in front of another |
| 21 | judge, and I am bound by that decision.  It went all |
| 22 | the way up to the Court of Appeals, so I stand by my |
| 23 | previous decision. |
| 24 | I am not going to stay enforcement of the |
| 25 | sanctions.  I believe, I really believe that bringing |
| 26 | the action over and over and over again both wastes the |

1    Proceedings

2    court's time, counsel's time, and your time, and it is

3    frivolous.

4         Therefore, I am not going to stay enforcement

5    of any of the sanctions.  I stand by them, and what I

6    do want to address is this recusal motion.

7         Apparently a firm which my husband is a

8    partner in, Proskauer Rose, at some point in this

9    action back in 2008 -- it's now 2014 -- the firm

10   represented you.

11        Looking at these letters that you've annexed,

12   they represented you and then eventually apparently

13   stopped representing you.  I assume they stopped

14   representing you because I had no idea that they were

15   involved in any way here.  It was the previous action

16   over a dispute about a bill.  Is that what occurred?

17        THE PLAINTIFF:  About the fees, your Honor.

18        THE COURT:  Right, obviously, their bill.

19   Looking at the letters, the attorneys at Proskauer was

20   someone by the name of Margaret A. Dale and a Lou

21   Solomon.

22        I have never met either of these people, I

23   don't know either of these people, I had no idea they

24   were ever involved in this dispute.

25        They, clearly, were not representing you in

26   the action before me, they had nothing at all to do

BARBARA STROH, CSR, CRR, CMR

1

2  with any of the defendants in the action, to my

3  knowledge.

4  I assume they weren't representing you at the

5  end of the action, the previous action or on appeal of

6  the previous action, so their name never came to my

7  attention before now.

8  As far as I am concerned, there was no reason

9  for me to know that my husband, who is a health care

10  lawyer, and was, I can tell you, not at all -- I can't

11  believe he was ever involved in any of this case

12  because he doesn't do real estate or anything like

13  this.  He does health care.

14  I have no idea, we don't discuss his cases

15  because there are, I think -- I'm not even sure how

16  many partners, probably 150 or so partners, over 600

17  lawyers in that firm.

18  I have no idea who Proskauer Rose represents,

19  I don't know about their cases.  I certainly don't know

20  what cases they had back in 2008, six years ago.

21  So, I don't believe that there is any reason

22  for me to recuse myself.  I don't believe that any

23  decision I made previously was tainted in any way.  I

24  believe this case is over at this point, so I am

25  denying your application --

26  THE PLAINTIFF:  It figures.

BARBARA STROH, CSR, CRR, CMR

Proceedings

1

2    THE COURT:  -- for your order to show cause.

3    THE PLAINTIFF:  That figures, your Honor.

4    THE COURT:  Pardon?

5    THE PLAINTIFF:  I said that figures.  Of

6    course, you would do that.  So why don't we address the

7    fact that it's undisputed that you falsified the prior

8    decisions.

9    THE COURT:  That I falsified?

10    THE PLAINTIFF:  You falsified the prior

11    decisions.

12    THE COURT:  Sir, at this point I would

13    admonish you.

14    THE PLAINTIFF:  I'd like it to be on the

15    record, you took out the part, your Honor, that said

16    that "pursuant to paragraph 7, plaintiff has, in

17    addition to the utilization of a roof, the right to

18    construct or extend structures on the roof or above the

19    roof to the extent that may from time to time be

20    permitted under applicable law."

21    This court took that out of its decision to

22    swear it against me.

23    THE COURT:  Sir, you can say whatever you wish

24    to say at this point.  You've said it.  At this point

25    the record is closed.  Your application is denied.

26    Please step back.

BARBARA STROH, CSR, CRR, CMR

1                          Proceedings

2              THE PLAINTIFF:  Thank you, your Honor.

3              More evidence.

4              (End of proceedings)

5

6                              *   *   *

7

8

9              CERTIFIED TO BE A TRUE AND ACCURATE TRANSCRIPT
   OF THE ORIGINAL STENOGRAPHIC MINUTES TAKEN OF THIS
10  PROCEEDING.

11              *Barbara Stroh*

12              BARBARA STROH, CSR, CMR, CRR
                Senior Court Reporter
13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____ X

James H. Brady,

                              *Plaintiff,*                No. 15 Civ. 9141 (RA)

            v.


Eric Schneiderman, Attorney General
for the State of New York,

                              *Defendant.*
_____ **X**


## AFFIDAVIT OF SERVICE

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION, FIRST DEPARTMENT


RE:  *Re: Brady v. Schneiderman*, No. 15 Civ. 9141 (RA)

James Brady, being duly sworn, deposes and says that I am over 18 years of age and reside at
510 Sicomac Avenue, Wyckoff, NJ 07481.

That on December 14, 2015, I served the following Defendants with a copy of LETTER TO THE
COURT REQUESTING ORAL ARGUMENTS, via e-mail and overnight Fed Ex.


    The New York State Attorney General's Office
    The Capitol
    Albany, NY 12224-0341



Sworn to before me this
_14_ day of December 2015

_____
Notary Public

Scott Kennedy
Notary Public, State of New York
No. 01KE6180990
Qualified in Bronx County
Commission expires January 22, 20_16_

_____
James H. Brady
December 14, 2015