UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

JAMES H. BRADY,

                                Plaintiff,

            -against-

ERIC SCHNEIDERMAN,
Attorney General for the State of New York,

                             Defendant.

-----------------------------------------------------------------------X

No. 15 Civ. 9141 (RA)

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANT'S MOTION TO DISMISS

ERIC T. SCHNEIDERMAN
Attorney General of the
State of New York
Attorney for Defendant
120 Broadway
New York, New York 10271
(212) 416-8651

MICHAEL A. BERG
Assistant Attorney General

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 2

A.   Summary of Prior and Ongoing Court Litigation ..................................................... 2

      1.   The 2007 State Court Action ............................................................................ 2

      2.   The 2013 State Court Actions ........................................................................... 3

      3.   The First Federal Court Action ........................................................................ 3

      4.   The Court of Claims Proceeding ...................................................................... 4

B.   The Allegations of the Complaint ............................................................................. 5

ARGUMENT .......................................................................................................................... 7

I.    THE ACTION SHOULD BE DISMISSED FOR
     LACK OF SUBJECT MATTER JURISDICTION ...................................................... 7

     A.   Plaintiff Lacks Constitutional Standing ................................................................. 8

     B.   Sovereign Immunity Bars This Action ................................................................. 10

     C.   The *Rooker-Feldman* Doctrine Bars This Action ................................................. 12

     D.   New York State Courts Have Exclusive Jurisdiction Over
         Proceedings Seeking Writs Of Mandamus Against State Officers ...................... 15

II.   THIS ACTION IS BARRED BY COLLATERAL ESTOPPEL ................................ 17

III.  THE COMPLAINT FAILS TO STATE A CLAIM .................................................. 18

     A.   Legal Standards ..................................................................................................... 18
     B.   The Complaint Fails To Allege An Equal Protection Violation ........................... 18
     C.   The Complaint Fails To State A Claim Under CPLR Article 78 .......................... 19
     D.   Plaintiff Cannot Satisfy The Standard For A Mandatory Injunction ................... 21

CONCLUSION ..................................................................................................................... 22

## TABLE OF AUTHORITIES

**Cases**                                                                                 **Page(s)**

*Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs,*
    398 U.S. 281 (1983)......................................................................................................................12

*Aurecchione v. Schoolman Transp. Sys., Inc.,*
    426 F.3d 635 (2d Cir. 2005).........................................................................................................7

*Barker v. Doctor,*
    No. 15-CV-0869, 2015 U.S. Dist. LEXIS 150054 (N.D.N.Y. Nov. 5, 2015) ..........................11

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)......................................................................................................................18

*Best v. Bank of America,*
    No. 14-CV-6546 (JG)(LB), 2015 U.S. Dist. LEXIS 116178 (E.D.N.Y. Sept. 1, 2015)..........14

*Blatch v. Hernandez,*
    360 F. Supp. 2d 595 (S.D.N.Y. 2005).........................................................................................17

*Brady v. 450 31st Owners Corp.,*
    15 N.Y.3d 710, 909 N.Y.S.2d 694 (2010), *reargument denied,* 2011 N.Y. LEXIS 32
    (Jan. 11, 2011)...............................................................................................................................3

*Brady v. 450 31st Owners Corp.,*
    70 A.D.3d 469, 894 N.Y.S.2d 416 (1st Dep't 2010) .........................................................2, 3, 17

*Brady v. 450 West 31st Owners Corp.,*
    No. 60347/07, 2009 N.Y. Misc. LEXIS 4590 (Sup. Ct. N.Y. Cnty. Mar. 13, 2009).................2

*Brady v. 450 West 31st Street Owners Corp.,*
    25 N.Y.3d 979 (2015), as was his motion for reargument, 25 N.Y.3d 1181 (2015) .................3

*Brady v. 450 West 31st Street Owners Corp.,*
    Index No. 157779/2013 ..................................................................................................................3

*Brady v. 450 West 31st Street Owners Corp.,*
    No. 60347/07, 2008 N.Y. Misc. LEXIS 9943 (Sup. Ct. N.Y. Cnty. July 2, 2008)....................2

*Brady v. Katz,*
    Index No. 6542226/2013 ...............................................................................................................3

*Brady v. Katz,*
    2014 N.Y. Misc. LEXIS 3193 (Sup. Ct. N.Y. Cnty. July 15, 2014)......................................3, 17

*Brady v. New York State Comm'n on Judicial Conduct,*
S.D.N.Y. No. 15 Civ. 02264 (WHP) .....................................................................................3, 4

*Brady v. Office of the New York Attorney General et al.,*
Claim No. 126067 ........................................................................................................................4

*CA, Inc. v. Simple.com, Inc.,*
621 F. Supp. 2d 45 (E.D.N.Y. 2009) .....................................................................................15

*Cacchillo v. Insmed, Inc.,*
638 F.3d 401 (2d Cir. 2011)......................................................................................................21

*Camacho v. Brandon,*
56 F. Supp. 2d 370 (S.D.N.Y. 1999).......................................................................................16

*Cartagena v. City of New York,*
257 F. Supp. 2d 708 (S.D.N.Y. 2003)................................................................................16, 17

*Chao v. Mt. Sinai Hosp.,*
No. 10 CV 2869 (HB), 2010 U.S. Dist. LEXIS 133686 (S.D.N.Y. Dec. 17, 2010)................15

*Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.,*
598 F.3d 30 (2d Cir. 2010)........................................................................................................21

*Cleburne v. Cleburne Living Ctr.,*
473 U.S. 432 (1985)....................................................................................................................18

*DePrima v. City of New York Dep't of Educ.,*
No. 12 Civ. 3626 (MKB), 2014 U.S. Dist. LEXIS 37866 (E.D.N.Y. Mar. 20, 2014)............17

*DiMasi v. Lawshy,*
No. 13 CV 923 (VB), 2014 U.S. Dist. LEXIS 112301 (S.D.N.Y. Aug. 6, 2014) ..................16

*Dist. of Columbia Court of Appeals v. Feldman,*
460 U.S. 462 (1983)....................................................................................................................12

*Dolan v. Roth,*
170 F. App'x 743 (2d Cir. 2006) ..............................................................................................17

*Dolmetta v. Uintah Nat'l Corp.,*
712 F.2d 15 (2d Cir. 1983).........................................................................................................15

*East Midtown Plaza Hous. Co. v. Cuomo,*
85 A.D.3d 485, 926 N.Y.S.2d 404 (1st Dep't 2011) ...............................................................20

*ED Capital, LLC v. Bloomfield Inv. Res. Corp.,*
No. 15 Civ. 9056 (VM), 2016 U.S. Dist. LEXIS 1378 (S.D.N.Y. Jan. 5, 2016)........................8

*Edem v. Spitzer*,
204 Fed. App'x 95, 2006 U.S. App. LEXIS 27919 (2d Cir. 2006) ....................................13, 14

*Edem v. Spitzer*,
No. 05-CV-3504 (RJD), 2005 U.S. Dist. LEXIS 44989 (E.D.N.Y. Aug. 15, 2005)...............14

*Ellison v. Evans*,
No. 13 Civ. 885 (KBF), 2013 U.S. Dist. LEXIS 156293 (Oct. 31, 2013)..........................10, 18

*Ex Parte Young*,
209 U.S. 123 (1908)........................................................................................................10, 11

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
544 U.S. 280 (2005)........................................................................................................12, 13

*Feingold v. New York*,
366 F.3d 138 (2d Cir. 2004).....................................................................................................18

*Fitzgerald v. Thompson*,
2009 U.S. Dist. LEXIS 132903 (S.D.N.Y. Jan. 5, 2009)........................................................16

*Garrison Protective Services, Inc. v. Office of Comptroller of the City of New York*,
92 N.Y.2d 732, 685 N.Y.S.2d 921 (1999)...............................................................................19

*Giano v. Senkowski*,
54 F.3d 1050 (2d Cir. 1995).....................................................................................................18

*Goldberg v. Roth*,
No. 99-CV-11591 (BSJ), 2001 U.S. Dist. LEXIS 20932 (S.D.N.Y. Dec. 17, 2001) ..............15

*Green v. Mansour*,
474 U.S. 64 (1985)....................................................................................................................11

*Hoblock v. Albany Cnty. Bd. of Elecs.*,
422 F. 3d 77 (2d Cir. 2005)......................................................................................................12

*Hodel v. Irving*,
481 U.S. 704 (1987)....................................................................................................................8

*In re Dairy Mart Convenience Stores, Inc.*,
411 F.3d 367 (2d Cir. 2005)......................................................................................................10

*In re Deposit Ins. Agency*,
482 F.3d 612 (2d Cir. 2007)......................................................................................................10

*J.S. ex rel. N.S. v. Attica Cent. Schs.*,
386 F.3d 107 (2d Cir. 2004)........................................................................................................7

*Jenkins v. New York City Dep't of Educ.*,
No. 10 CV 6159 (BSJ) (THK), 2011 U.S. Dist. LEXIS 130815 (S.D.N.Y. Nov. 9,
2011), *aff'd*, 508 Fed. App'x 66, 2013 U.S. App. LEXIS 1834 (2d Cir. Jan. 28, 2013).........18

*Jones v. Cawley,*
No. 10-CV-0712, 2010 U.S. Dist. LEXIS 112224 (N.D.N.Y. Oct. 21, 2010) ........................14

*Kadrmas v. Dickinson Pub. Schs.*,
487 U.S. 450 (1988)..............................................................................................................19

*Kelly v. City of Mount Vernon*,
344 F. Supp. 2d 395 (S.D.N.Y. 2004)....................................................................................16

*Kirchner v. County of Niagara*,
107 A.D.3d 1620, 969 N.Y.S.2d 277 (4th Dep't 2013)...........................................................17

*KM Enters., Inc. v. McDonald*,
No. 11-cv-5098 (ADS) (ETB), 2012 U.S. Dist. LEXIS 138599 (E.D.N.Y. Sept. 25,
2012) ......................................................................................................................................11

*Kropelnicki v. Siegel*,
290 F.3d 118 (2d Cir. 2002)...................................................................................................12

*Larabee v. Governor of New York*,
65 A.D.3d 74, 880 N.Y.S.2d 256 (1st Dep't 2009) ..................................................................8

*Lawsky v. Condor Capital Corp.*,
2015 U.S. Dist. LEXIS 96347, 2015 WL 4470332 (S.D.N.Y. July 21, 2015)........................21

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992)................................................................................................................8

*Malcolm v. Honeoye Falls Lima Cent. Sch. Dist.*,
483 Fed. App'x 660 (2d Cir. 2012).........................................................................................18

*Mamot v. Bd. of Regents*,
367 F. App'x 191 (2d Cir. 2010) ............................................................................................10

*Markel Am. Ins. Co. v. Grimaldi*,
No. CV 10-5447 (SJF) (GRB), 2012 U.S. Dist. LEXIS 41184 (E.D.N.Y. Feb. 10,
2012) ......................................................................................................................................15

*Martine's Serv. Ctr., Inc. v. Town of Wallkill*,
554 F. App'x 32 (2d Cir. 2014) ..............................................................................................19

*Matter of Banos v. Rhea*,
25 N.Y.3d 266 (2015).............................................................................................................19

*Matter of Crain Communications v. Hughes,*
  74 N.Y.2d 626, 541 N.Y.S.2d 971 (1989) ............................................................................... 20

*Matter of East Nassau Hebrew Congregation, Inc.,*
  Index No. 020387/08, 2010 N.Y. Misc. LEXIS 6421 (Sup. Ct. Nassau Cnty. Dec. 14,
  2010) ...................................................................................................................................... 20

*Matter of Lewis v. Lefkowitz,*
  32 Misc. 2d 434, 223 N.Y.S.2d 221 (Sup. Ct. N.Y. Cnty. 1961) ............................................ 20

*Matter of Mullen v. Axelrod,*
  74 N.Y.2d 580, 549 N.Y.S.2d 953 (1989) ............................................................................... 19

*Matter of Okslen Acupuncture, P.C. v. Cuomo,*
  27 Misc. 3d 1203(A), 910 N.Y.S.2d 406 (Sup. Ct. N.Y. Cnty. 2010), *aff'd,* 85 A.D.3d
  661, 925 N.Y.S.2d 827 (1st Dep't 2011) ................................................................................. 20

*McCleskey v. Kemp,*
  481 U.S. 279 (1987) ................................................................................................................ 18

*Morningside Supermarket Corp. v. N.Y. State Dep't of Health,*
  432 F. Supp. 2d 334 (S.D.N.Y. 2006) ...................................................................................... 16

*New York Civil Liberties Union v. State,*
  4 N.Y.3d 175, 791 N.Y.S.2d 507 (2005) ................................................................................. 20

*Pennhurst State School & Hosp. v. Halderman,*
  465 U.S. 89 (1984) ............................................................................................................. 10, 12

*Quern v. Jordan,*
  440 U.S. 332 (1979) ................................................................................................................ 10

*Rooker v. Fid. Trust Co.,*
  263 U.S. 413 (1923) ................................................................................................................ 12

*Ross v. New Canaan Envt'l Comm'n,*
  532 F. App'x 12 (2d Cir. 2013) ........................................................................................ 11, 19

*Rothenberg v. Stone,*
  234 F. Supp. 2d 217 (E.D.N.Y. 2002) ..................................................................................... 10

*Sargent v. Emons,*
  582 F. App'x 51 (2d Cir. 2014) ............................................................................................... 10

*Schulz v. New York State Exec.,*
  No. 97-7952, 1998 U.S. App. LEXIS 22520 (2d Cir. Apr. 6, 1998) ........................................ 12

*Sharp v. Bivona,*
   304 F. Supp. 2d 352 (E.D.N.Y. 2004) .................................................................................14

*Sharp v. State of New York,*
   No 06-CV-5194 (JFB) (ETB), 2007 U.S. Dist. LEXIS 63539 (E.D.N.Y. Aug. 28,
   2007) ...........................................................................................................................14, 15

*Silverman v. Lobal,*
   163 A.D.2d 62, 558 N.Y.S.2d 23 (1st Dep't 1990) ...............................................................20

*Sussman v. Crawford,*
   488 F.3d 136 (2d Cir. 2007)..................................................................................................21

*Swiatkowski v. Citibank,*
   446 F. App'x 360 (2d Cir. 2011) ...........................................................................................13

*Tiraco v. New York State Bd. of Elections,*
   963 F. Supp. 2d 184 (E.D.N.Y. Aug. 7, 2013) .......................................................................11

*Trotman v. Palisades Interstate Park Comm'n,*
   557 F.2d 35 (2d Cir.1977).......................................................................................................10

*Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.,*
   535 U.S. 635 (2002)................................................................................................................10

*Village of Hampton Dunes v. State of New York,*
   89 F. Supp. 3d 433, 448 (E.D.N.Y. 2015) ...............................................................................16

*VSF Coalition, Inc. v. Scoppetta,*
   13 A.D.3d 517, 786 N.Y.S.2d 575 (2d Dep't 2004), *app. dismissed,* 5 N.Y.3d 817
   (2005)........................................................................................................................................20

## Constitutional Provisions

U.S. Const.
   art. III ............................................................................................................... 1, 8-10

   amend. XI..................................................................................................... 1, 10-12

   amend. XIV, § 1 ............................................................................................. 4-5, 18

**Federal Statutes**

28 U.S.C.
§ 1257....................................................................................................................................12

42 U.S.C.
§ 1983..........................................................................................................................5, 10, 18

**Federal Rules**

Fed. R. Civ. P. 12(b)(1).....................................................................................................1, 7, 10

Fed. R. Civ. P. 12(b)(6)...................................................................................................1, 18, 19

**State Statutes**

Article 78 of the New

CPLR
Article 78 ................................................................................................. 15-16, 19, 21
§ 217(1)..........................................................................................................................19
§ 7803(1)........................................................................................................................15
§ 7804(b)........................................................................................................................16

New York Executive Law
§ 63....................................................................................................................................8
§ 63(3)...............................................................................................................................8

General Business Law Art. 7 .....................................................................................................20

This Memorandum of Law is respectfully submitted on behalf of defendant Eric T. Schneiderman, Attorney General of the State of New York (the "Attorney General"), in support of his motion to dismiss the complaint in this action filed on November 20, 2015 (ECF No. 1) (the "Complaint") by Plaintiff *pro se* James H. Brady ("Plaintiff"), with prejudice, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[1]

## PRELIMINARY STATEMENT

The Complaint asserts that the Attorney General violated Plaintiff's equal protection rights by failing to investigate two rulings issued by New York Supreme Court justices in prior litigation concerning Plaintiff's commercial cooperative apartment. Plaintiff asks this Court to issue a "Mandatory Injunction" compelling the Attorney General to "investigate why" the New York State courts sanctioned Plaintiff in the prior litigation, and to "ask the state Justices why" they held that Plaintiff did not own the disputed air rights above the cooperative's building. Compl. ¶¶ 1-2. Plaintiff apparently seeks a criminal investigation of the justices who presided over the prior state court litigation. The Complaint accuses the Attorney General of declining to ask the (unspecified) "simple one-sentence question that unravels the duplicity and deliberate criminal intent of the judges who rewrote the description of my Unit." Compl. ¶ 65.

Read in its entirety, the Complaint is merely the latest in a series of challenges by Plaintiff to the outcome and reasoning in the prior state court decisions.

The Complaint is subject to dismissal for lack of subject matter jurisdiction, based upon Plaintiff's lack of Article III standing, Eleventh Amendment sovereign immunity, the *Rooker-Feldman* doctrine, and the exclusive jurisdiction of state courts to issue writs of mandamus against state officers. *See* Argument, Part I, *infra*. The Complaint is also barred by principles of

---

[1] The Complaint is attached as Exhibit 1 to the accompanying Declaration of Michael A. Berg (the "Berg Decl.").

collateral estoppel. *See* Part II, *infra*. Finally, the Complaint fails to state a claim on which relief can be granted. *See* Part III, *infra*.

## STATEMENT OF FACTS

### A. Summary of Prior and Ongoing Court Litigation

#### 1. The 2007 State Court Action

On November 13, 2007, Plaintiff and his wife, Jane Brady, filed suit against 450 West 31st Owners Corp. ("Owners Corp.") in Supreme Court, New York County. The Bradys, owners of a commercial cooperative apartment on the 12th floor of the building at 450 West 31st Street in the Hudson Yards district of Manhattan, sought to enjoin the sale of the building's transferable development rights ("air rights") by Owners Corp. to an adjacent property's owner. In a Decision and Order dated July 2, 2008, Justice Marcy S. Friedman rendered summary judgment against the Bradys and dismissed the complaint. In relevant part, the court held that Owners Corp. "is the owner of, and has the right to transfer," the air rights, and that the cooperative offering plan did not "convey or reserve" the air rights to Plaintiff, though Plaintiff did have the right "to construct or extend structures upon the roof." *Brady v. 450 West 31st Street Owners Corp.*, No. 60347/07, 2008 N.Y. Misc. LEXIS 9943, at \*4 (Sup. Ct. N.Y. Cnty. July 2, 2008).

On the Bradys' motion for reargument, the Supreme Court adhered to its original decision. *Brady v. 450 West 31st Owners Corp.*, No. 60347/07, 2009 N.Y. Misc. LEXIS 4590, at \*6-7 (Sup. Ct. N.Y. Cnty. Mar. 13, 2009). On appeal, the Appellate Division, First Department, unanimously affirmed, holding that the cooperative offering plan "contains no express language giving plaintiffs ownership of or veto power over the building's development rights or air rights[.]" *Brady v. 450 31st Owners Corp.,* 70 A.D.3d 469, 470, 894 N.Y.S.2d 416, 417 (1st Dep't 2010). To the contrary, the Appellate Division held that the offering plan gave the Bradys

2

the right to "construct or extend structures on the roof that may be built without the use of the building's development rights." *Id.* Plaintiff's request to appeal to the New York Court of Appeals was denied. *Brady v. 450 31st Owners Corp.*, 15 N.Y.3d 710, 909 N.Y.S.2d 694 (2010), *reargument denied*, 2011 N.Y. LEXIS 32 (Jan. 11, 2011).

### 2. The 2013 State Court Actions

In 2013, Plaintiff filed two more state court actions against Owners Corp. and numerous other defendants, again claiming the right to control the cooperative's air rights. *Brady v. 450 West 31st Street Owners Corp.*, Index No. 157779/2013; *Brady v. Katz*, Index No. 6542226/2013. In a Decision and Order dated July 15, 2014, Justice Shirley Werner Kornreich dismissed both actions on grounds, *inter alia*, of collateral estoppel. *Brady v. 450 West 31st Street Owners Corp., Brady v. Katz*, 2014 N.Y. Misc. LEXIS 3193, at \*14-15 (Sup. Ct. N.Y. Cnty. July 15, 2014). The court found that Plaintiff "acted in bad faith" in bringing the 2013 actions, "dragg[ing] more than twenty parties into court to litigate matters that have already been determined and claims that lack any substance." *Id.* at \*22. The court described the action as "a near perfect example of frivolous conduct," imposed attorneys' fees as a sanction, and referred the matter to a special referee for the calculation of fees. *Id.* at \*23. Plaintiff's motion for leave to appeal to the Court of Appeals was denied, *Brady v. Katz, Brady v. 450 West 31st Street Owners Corp.*, 25 N.Y.3d 979 (2015), as was his motion for reargument, 25 N.Y.3d 1181 (2015).

### 3. The First Federal Court Action

On March 25, 2015, Plaintiff filed a civil action in this Court (the "First Federal Action"), naming the New York State Commission on Judicial Conduct (the "CJC"), New York County District Attorney Cyrus R. Vance, the Attorney General, and Governor Andrew M. Cuomo as defendants. *Brady v. New York State Comm'n on Judicial Conduct*, S.D.N.Y. No. 15 Civ. 02264

(WHP) (ECF No. 1); Berg Decl., Ex. 2. The First Federal Action sought \$400 million in compensatory and punitive damages, alleging that the defendants violated Plaintiff's federal equal protection and substantive due process rights, engaged in a criminal conspiracy, and other claims. *Id.* ¶¶ 215 & 219. On April 17, 2015, this Office submitted a pre-motion letter, noting numerous deficiencies in the complaint. (ECF No. 4); Berg Decl., Ex. 3. On April 24, 2015, Plaintiff filed a voluntary dismissal without prejudice, which District Judge William H. Pauley "so-ordered" on April 29, 2015. (ECF No. 9); Berg Decl., Ex. 4.

4.    The Court of Claims Proceeding

By a complaint dated June 9, 2015, Plaintiff brought a claim in the New York State Court of Claims against OAG, the New York Commission on Judicial Conduct, the Office of Governor Andrew Cuomo, and New York State. Compl., Ex. A (Complaint in *Brady v. Office of the New York Attorney General et al.*, Claim No. 126067). In the Court of Claims, Plaintiff again challenged the state justices' interpretation of the cooperative's offering plan regarding the disputed air rights. *Id.* ¶ 2. He accused the defendants, including the Attorney General's Office, of "refus[ing] to take any action to protect me." *Id.* ¶ 12. Plaintiff asserted a claim for violation of the Equal Protection Clause of the Fourteenth Amendment, *id.* ¶¶ 121-22, as well as several state law tort claims, *id.* ¶¶ 113-120.

On or about July 16, 2015, the defendants, including the Office of the Attorney General, moved to dismiss the claim brought by Plaintiff in the Court of Claims. Compl., Ex. B (Affirmation in Support of Motion to Dismiss in Lieu of Answer, sworn to by Paul F. Cagino, Esq., on July 16, 2015). With respect to OAG, dismissal was sought on grounds of prosecutorial immunity, *inter alia*. *Id.* ¶¶ 40-41. The motion is pending in the Court of Claims.

## B.     The Allegations of the Complaint

Plaintiff alleges that he is a shareholder in a commercial cooperative, 450 West 31st Owners Corp ("Owners Corp."). Compl. ¶¶ 1 & 30. Plaintiff alleges that he owns the 12th Floor and Roof Unit of the cooperative's building, located at 450 West 31st Street in the Hudson Yards District of Manhattan, which he operates "as an event space called Studio 450." Compl. ¶¶ 1, 30 & 69. The cooperative's offering plan granted Plaintiff "the right to construct or extend structures upon the roof or above the same" to the extent permitted by local law. Compl. ¶ 11. In prior litigation, Plaintiff alleged that this contractual provision gave him control of the transferable development rights (the "air rights") above the building. *See supra*, Part A. The New York State Courts squarely and repeatedly rejected Plaintiff's claim, *id.*, and after he brought successive cases raising essentially the same claim, sanctioned him for engaging in "a near perfect example of frivolous conduct" in litigation. Compl., Ex. F, at 23.

In 2012, Owners Corp. sold the air rights for $11.5 million, without Plaintiff's approval. Compl., Ex. F, at 5. In 2013, the purchaser sold its property, "along with its appurtenant air rights and easements," for an alleged $167 million. *Id.* at 6.

The instant Complaint purports to assert a single claim under 42 U.S.C. § 1983, alleging that the Attorney General violated Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Compl. ¶ 4. (The Complaint also makes passing reference to the equal protection guarantees of the New York State Constitution. *Id.*) The gravamen of the Complaint is that the Attorney General violated Plaintiff's equal protection rights by (i) declining to investigate the state courts' legal reasoning and authority for purportedly "rewriting" the cooperative offering plan to deny Plaintiff's air rights claim, and

(ii) "allowing and going along with the imposition of sanctions and attorneys' fees" against Plaintiff. Compl. ¶ 5.

The Complaint's factual allegations describe the prior state court litigation at length, and only briefly touch on any alleged acts or omissions by the Attorney General. The Complaint cites language from the Attorney General's "official biography" and a press release, stating that "there has to be one set of rules for everyone" and consumers should "get what they pay for." Compl. ¶¶ 3 & 26. The Complaint alleges that after Plaintiff sued the Attorney General in the New York Court of Claims (as described below), the Attorney General "became an adversary" and adopted the state justices' reasoning "rather than admitting that the state's judicial employees repeatedly rewrote Plaintiff's contract . . . ." Compl. ¶¶ 5 & 7. Further, the Complaint alleges that on three occasions, the Attorney General and his Office ("OAG") declined to take action based on correspondence from Plaintiff complaining of, *inter alia*, purported "corruption and criminal conduct" by state judges. Compl. ¶¶ 60-65.

As a remedy for the asserted equal protection violation, the Complaint seeks a "Mandatory Injunction" directing the Attorney General "to perform his duty and uphold the New York constitution and investigate why on July 15, 2014, I was sanctioned to pay almost $400,000 in attorneys' fees by a New York State Justice, Shirley Werner Kornreich, for exercising my constitutional right to sue the parties that participated in the unlawful seizure and sale of $100,000,000 worth of development rights." Compl. ¶ 1. The Complaint also seeks a "Mandatory Injunction" to compel the Attorney General "to ask the state Justices why they rewrote and permitted other Justices to rewrite the contract description of my commercial apartment to void the rights expressly and exclusively given to my commercial apartment." Compl. ¶ 2.

6

The Complaint apparently assumes that the requested investigation by the Attorney General will result in the reversal of the state court decisions. Plaintiff not only seeks an investigation to "unravel[] the [alleged] duplicity and deliberate criminal intent of the judges" in the prior state court litigation, but also alleges the sanctions imposed on him were "unjust, unwarranted, and meant to destroy [him]," and the cooperative offering plan "can only be construed as giving [his] Unit" the disputed air rights. Compl. ¶¶ 65, 67 & 73. Plaintiff further alleges: "Without this Court's order granting a Mandatory Injunction, the Attorney General will continue to discard his duty to protect me, though he knows justices repeatedly and unlawfully rewrote the description of my commercial apartment to void its rights. His deliberate indifference led to an escalation in the corruption." Compl. ¶ 8.

## ARGUMENT

## I. THE ACTION SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

In reviewing a motion to dismiss under Rule 12(b)(1), the court "must accept as true all material factual allegations in the complaint, but we are not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004) (citation omitted). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). Subject matter jurisdiction is barred in this case by Plaintiff's lack of constitutional standing, principles of sovereign immunity, the *Rooker-Feldman* doctrine, and the New York State Courts' exclusive jurisdiction over proceedings seeking a writ of mandamus to compel action by a state officer.

7

## A.    Plaintiff Lacks Constitutional Standing

Constitutional standing is an essential component of "Article III's case or controversy requirement." *ED Capital, LLC v. Bloomfield Inv. Res. Corp.*, No. 15 Civ. 9056 (VM), 2016 U.S. Dist. LEXIS 1378 at *17-18 (S.D.N.Y. Jan. 5, 2016) (citing U.S. Const., art. III; *Hodel v. Irving*, 481 U.S. 704, 711 (1987)). To establish Article III standing, "the plaintiff must show (1) that he or she has suffered an 'injury-in-fact' (2) which is 'fairly traceable' to the defendant's action, and (3) that the injury is likely to be 'redressed by a favorable decision.'" *Id.* (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

Plaintiff cannot meet the test of Article III standing. In part, this conclusion follows from the statutory and constitutional limitations on the powers of the Attorney General.

The general duties of the Attorney General, set forth in New York Executive Law § 63, include investigating, at the request of the governor or certain other State officers, "the alleged commission of any indictable offense" in connection with the operation of state departments and agencies. *Id.* § 63(3). There is no statutory language requiring the Attorney General to conduct investigations at the request of private individuals, such as Plaintiff.

Moreover, the Attorney General's statutory duties do not include investigating state judicial rulings or the reasoning offered by the State's judicial officers in support of their decisions. The Complaint cites no authority permitting, much less mandating, such an investigation. Plaintiff's attempt to compel an investigation of state court rulings defies basic principles of judicial independence and separation of powers. *See, e.g., Larabee v. Governor of New York*, 65 A.D.3d 74, 95, 880 N.Y.S.2d 256, 272 (1st Dep't 2009) (holding that the legislature and executive "may not act to the detriment of the judicial branch's own ability to

8

function without interference.  That consideration is at the heart of judicial independence from the perspective of the separation of powers.").

Assuming *arguendo* that Plaintiff suffered an "injury in fact" as a result of the state court judgments, he cannot satisfy the second and third requirements of Article III standing.  The Complaint offers no basis to believe that Plaintiff's alleged injuries – the loss of the air rights litigation and the imposition of sanctions – are "fairly traceable" to any act or omission by the Attorney General.  Even if the Attorney General, at Plaintiff's request, had asked the state judges to further explain their rulings (in addition to the reasoning set forth in their opinions and orders), the Complaint provides no reason to assume the courts would have complied, much less that they would have ruled differently on the air rights or sanctions issues.  Thus, Plaintiff's purported injuries are not "fairly traceable" to the Attorney General's decision not to investigate the judicial decisions.

For similar reasons, Plaintiff cannot show that a favorable decision – i.e., an order requiring the Attorney General to investigate the state court decisions – would redress Plaintiff's alleged injuries.  First, such an order would require the Attorney General to conduct an investigation that he lacks statutory authority to undertake.  Second, even if the Attorney General conducted the investigation that Plaintiff demands, what action, if any, could the Attorney General or this Court compel the state judges to take concerning the state judges' respective decisions, orders, and judgments?  Third, even assuming the Attorney General had standing and authority to investigate and appear before the state judges, neither the Attorney General nor this Court could compel those judges to render any specific decision, including the reversal of their prior air rights and sanctions decisions.

Plaintiff's lack of Article III standing requires dismissal of the action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

## B. Sovereign Immunity Bars This Action

"The Eleventh Amendment prohibits suits against a state or one of its agencies in federal court absent the state's consent or a valid abrogation of its sovereign immunity by an act of Congress." *Ellison v. Evans*, No. 13 Civ. 885 (KBF), 2013 U.S. Dist. LEXIS 156293, at *12-13 (Oct. 31, 2013) (quoting *Rothenberg v. Stone*, 234 F. Supp. 2d 217, 221 (E.D.N.Y. 2002) (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984))). It is "well established" that Congress did not abrogate state sovereign immunity by enacting 42 U.S.C. § 1983, *Sargent v. Emons*, 582 F. App'x 51, 52 (2d Cir. 2014) (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979)), and that New York State has not consented to be sued in federal court under Section 1983. *Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) (citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir.1977)).

Pursuant to the doctrine in *Ex Parte Young*, 209 U.S. 123 (1908), however, "[a] plaintiff may avoid the Eleventh Amendment bar to suit and proceed against individual state officers . . . in their official capacities, provided that his complaint (a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective." *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (internal quotation marks omitted) (citing *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002); *In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 372 (2d Cir. 2005)).

The Complaint fails to allege any violation, much less an ongoing violation, of federal law by the Attorney General. The unsupported and conclusory assertion that the Attorney

10

General has violated Plaintiff's equal protection rights, Compl. ¶ 5, is inadequate to create jurisdiction under the *Ex Parte Young* doctrine.

"The equal protection clause prohibits government officials from intentionally discriminating against individuals based on their race, ethnicity, gender or national origin." *Ross v. New Canaan Envt'l Comm'n*, 532 F. App'x 12 (2d Cir. 2013) (internal citation omitted). The Complaint does not allege that Plaintiff is a member of a protected class, much less that the Attorney General intentionally discriminated against him on the basis of an impermissible classification. The Complaint's shortcomings are especially egregious because it alleges that the Attorney General took no action, yet fails to allege the basis of any duty to act. *See, e.g.*, Compl. ¶ 60 (alleging Attorney General "engaged in evasive silence and completely disregarded the substance and words of my correspondence"). *Cf. Barker v. Doctor*, No. 15-CV-0869 (BKS/DEP), 2015 U.S. Dist. LEXIS 150054, at *11 (N.D.N.Y. Nov. 5, 2015) ("Plaintiff's conclusory allegations that 'nobody did anything' are insufficient to state a claim for a constitutional violation.").

In short, "Plaintiff fails to adequately plead any violation of federal law, much less an ongoing violation of federal law as required by the *Ex parte Young* doctrine." *Tiraco v. New York State Bd. of Elections*, 963 F. Supp. 2d 184, 193, n.8 (E.D.N.Y. Aug. 7, 2013) (citing *Green v. Mansour*, 474 U.S. 64, 68 (1985)). As a result, the Complaint should be dismissed for lack of subject matter jurisdiction based on Eleventh Amendment sovereign immunity. *See Tiraco*, 963 F. Supp. 2d at 193, n.8 (holding *Ex Parte Young* inapplicable where Complaint included "conclusory allegations that the State Board 'will continue to deprive candidates of their right to obtain a place on the ballot'"); *KM Enters., Inc. v. McDonald*, No. 11-cv-5098 (ADS) (ETB),

2012 U.S. Dist. LEXIS 138599, at \*22 (E.D.N.Y. Sept. 25, 2012) (holding *Ex Parte Young* inapplicable for failure to allege ongoing violation of federal law).[2]

## C. The *Rooker-Feldman* Doctrine Bars This Action

Plaintiff's Complaint against the Attorney General is jurisdictionally barred for a separate and independent reason: the *Rooker-Feldman* doctrine precludes the lower federal courts from reviewing state-court judgments. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923).

The *Rooker-Feldman* doctrine holds that "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock v. Albany Cnty. Bd. of Elecs.*, 422 F. 3d 77, 84 (2d Cir. 2005). "The doctrine reflects the principle set forth in 28 U.S.C. § 1257 that the Supreme Court is the only federal court that has jurisdiction to review state court judgments . . . unless otherwise provided by Congress." *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002). *See also Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 296 (1983) (holding that the "lower [federal] courts possess no power whatever to sit in direct review of state court decisions"). As the Supreme Court has explained, *Rooker-Feldman* bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Federal courts do not have jurisdiction to review

---

[2] To the extent that the Complaint refers to Plaintiff's rights under the New York State Constitution, this Court lacks jurisdiction to hear any such claims. "[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). *See also Schulz v. New York State Exec.*, No. 97-7952, 1998 U.S. App. LEXIS 22520, at \*5 (2d Cir. Apr. 6, 1998) (warning against federal court interference in a state's constitutional affairs)).

state court decisions even if the plaintiff alleges the state court's action was unconstitutional. *Id.* at 292.

The Complaint satisfies all four factors identified in *Exxon Mobil* for the application of the *Rooker-Feldman* doctrine: (1) Plaintiff lost in state court; (2) his alleged injuries – the loss of his asserted air rights and his obligation to pay sanctions – were caused by the state courts' orders; (3) the state court rendered its determinations before this action was commenced; and (4) Plaintiff challenges the state courts' decisions. *See Edem v. Spitzer*, 204 Fed. App'x 95, 2006 U.S. App. LEXIS 27919, at *3-4 (2d Cir. 2006).

It is immaterial that the Complaint purports to seek an investigation of the state courts' determinations, rather than expressly asking this Court to vacate those decisions. Plaintiff's manifest purpose in seeking an investigation and review by the Attorney General is to vindicate his claim that the state court decisions were mistaken and, indeed, corrupt. *See, e.g.*, Compl. ¶ 1 (alleging that Plaintiff was sanctioned "for exercising my constitutional right to sue the parties that participated in the unlawful seizure and sale" of the air rights); *id.* ¶ 8 (alleging that state justices "repeatedly and unlawfully rewrote" his contract rights); *id.* ¶ 28 (alleging that Plaintiff "is being sanctioned and having his property levied for attempting to enforce his contractual rights"); *id.* ¶ 35 (alleging collusion by state court justices); *id.* ¶¶ 11-23 (arguing that Plaintiff owned the disputed air rights); & *id.* ¶¶ 40-46 (arguing that sanctions were improperly imposed). As the Complaint clearly indicates, Plaintiff's purpose in bringing this action is to compel the Attorney General to "ask the simple one-sentence question that unravels the duplicity and deliberate criminal intent of the judges who" presided over the state court litigation. Compl. ¶ 65.

Plaintiff cannot avoid the jurisdictional bar of *Rooker-Feldman* by claiming that he seeks an explanation of the state court decisions, rather than their reversal. *See Swiatkowski v.*

13

*Citibank*, 446 F. App'x 360, 361 (2d Cir. 2011) (*Rooker-Feldman* barred mortgagor's claim that

depended upon the invalidity of a state court foreclosure judgment, where "a decision in

[plaintiff's] favor would effectively amount to declaring the state court judgment fraudulently

procured and thus void"); *Edem v. Spitzer*, 2006 U.S. App. LEXIS 27919, at \*4 (*Rooker-*

*Feldman* barred procedural challenges that were "inextricably intertwined" with state court's

judgment on the merits); *Best v. Bank of America*, No. 14-CV-6546 (JG)(LB), 2015 U.S. Dist.

LEXIS 116178, at \*15 (E.D.N.Y. Sept. 1, 2015) (*Rooker-Feldman* barred claims that, "though

couched in varying legal theories and causes of action, . . . essentially asked this Court to review

and reject" state court rulings).

Indeed, federal courts have relied on *Rooker-Feldman* to bar challenges to the conduct of

the Attorney General and his predecessors in cases that are factually intertwined with prior state

court determinations. As the Court explained in one such case:

> There is no doubt that the plaintiff's claims for constitutional and
> civil rights violations and fraud arise from her matrimonial
> proceedings and could have been raised in state court. "The fact
> that [a] plaintiff alleges that the state court judgment was procured
> by fraud does not remove his claims from the ambit of *Rooker-*
> *Feldman.*"

*Sharp v. State of New York*, No 06-CV-5194 (JFB) (ETB), 2007 U.S. Dist. LEXIS 63539, at \*20-

21 (E.D.N.Y. Aug. 28, 2007) (quoting *Sharp v. Bivona,* 304 F. Supp. 2d 352, 363 (E.D.N.Y.

2004) (additional citations omitted)). *See also Edem v. Spitzer,* No. 05-CV-3504 (RJD), 2005

U.S. Dist. LEXIS 44989 (E.D.N.Y. Aug. 15, 2005); *Jones v. Cawley,* No. 10-CV-0712, 2010

U.S. Dist. LEXIS 112224 (N.D.N.Y. Oct. 21, 2010).

Here, as in *Sharp*, it is immaterial that Plaintiff alleges wrongdoing or "collusion" by the

state court judges in the prior litigation:

14

> Indeed, even if the orders by the state court were wrongfully
> procured, as the plaintiff alleges, the orders remain[] in full force
> and effect until they are reversed or modified by an appropriate
> state court. Put simply, the plaintiff cannot enter through the back
> door to evade the *Rooker-Feldman* doctrine in order to get into
> federal court.

*Sharp*, 2007 U.S. Dist. LEXIS 63539, at \*20-21 (internal citation omitted). In sum, a plaintiff

"cannot make an end run around the *Rooker-Feldman* doctrine and into federal court . . . through

the mere assertion of new and baseless claims to supplement the old." *Id.* at \*21 (quoting

*Goldberg v. Roth*, No. 99-CV-11591 (BSJ), 2001 U.S. Dist. LEXIS 20932, at \*15-6 (S.D.N.Y.

Dec. 17, 2001)). Here, Plaintiff cannot challenge the prior state court decisions directly or

indirectly, by seeking an order compiling the Attorney General to "investigate" those decisions.

## D. New York State Courts Have Exclusive Jurisdiction Over Proceedings Seeking Writs Of Mandamus Against State Officers

In evaluating a complaint, a court should "look to the essence of the stated claim and not

the label by which a plaintiff chooses to identify it[.]'" *Markel Am. Ins. Co. v. Grimaldi*, No. CV

10-5447 (SJF) (GRB), 2012 U.S. Dist. LEXIS 41184, at \*17-18 (E.D.N.Y. Feb. 10, 2012)

(quoting *Dolmetta v. Uintah Nat'l Corp.*, 712 F.2d 15, 19 (2d Cir. 1983), *accepted by* 2012 U.S.

Dist. LEXIS 41182 (E.D.N.Y. Mar. 26, 2012). *See also Chao v. Mt. Sinai Hosp.*, No. 10 CV

2869 (HB), 2010 U.S. Dist. LEXIS 133686, at \*33-34 (S.D.N.Y. Dec. 17, 2010) (disregarding

plaintiff's "labels"); *CA, Inc. v. Simple.com, Inc.*, 621 F. Supp. 2d 45, 54 (E.D.N.Y. 2009)

(construing claim based on its essence, rather than the label the plaintiff gave it).

Although Plaintiff labels his claim as a federal equal protection claim, it is essentially a

plea for relief in the nature of a writ of mandamus to compel action by a New York State official.

Article 78 of the New York Civil Practice Law & Rules ("CPLR") authorizes such proceedings,

CPLR § 7803(1), but provides that they can only be brought in New York Supreme Court.

CPLR § 7804(b). Properly understood as an Article 78 proceeding, this case is beyond the jurisdiction of this Court (and, as demonstrated in Part III.C, *infra*, fails to state a claim).

Federal courts have recognized that "[t]he Article 78 proceeding is a novel and special creation of state law, and state law provides that the Supreme Court has exclusive jurisdiction over Article 78 claims, except those claims that must be brought in the Appellate Division. State law does not permit Article 78 proceedings to be brought in federal court[.]" *Cartagena v. City of New York*, 257 F. Supp. 2d 708, 710 (S.D.N.Y. 2003) (citing *Camacho v. Brandon*, 56 F. Supp. 2d 370, 379-380 (S.D.N.Y. 1999)). Thus, a federal court has "no original jurisdiction over an Article 78 claim." *Village of Hampton Dunes v. State of New York*, 89 F. Supp. 3d 433, 448 (E.D.N.Y. 2015) (citing *Kelly v. City of Mount Vernon*, 344 F. Supp. 2d 395, 406 (S.D.N.Y. 2004) (internal quotation marks omitted)).

A case in point is *DiMasi v. Lawshy*, No. 13 CV 923 (VB), 2014 U.S. Dist. LEXIS 112301 (S.D.N.Y. Aug. 6, 2014). There, the Plaintiff sought to hold Benjamin M. Lawsky, Superintendent of the New York State Department of Financial Services, liable for failing to take action against Plaintiff's mortgage lender. Construing the *pro se* Plaintiff's complaint as asserting a claim for a writ of mandamus against Superintendent Lawsky under Article 78, the court dismissed the claim for lack of subject matter jurisdiction. *Id.* at *8. The Court explained that "'New York law . . . vests jurisdiction over Article 78 proceedings solely in state courts.'" *Id.* (quoting *Fitzgerald v. Thompson*, 2009 U.S. Dist. LEXIS 132903, at *8 (S.D.N.Y. Jan. 5, 2009)). "Accordingly, like several other courts in this District, the Court concludes it lacks subject matter jurisdiction over plaintiff's Article 78 claim." *Id.* (citing *Fitzgerald*, 2009 U.S. Dist. LEXIS at *8; *Morningside Supermarket Corp. v. N.Y. State Dep't of Health*, 432 F. Supp.

2d 334, 346 (S.D.N.Y. 2006); *Blatch v. Hernandez*, 360 F. Supp. 2d 595, 637 (S.D.N.Y. 2005); *Cartagena*, 257 F. Supp. 2d 708, 710 (S.D.N.Y. 2003)).

## II.    THIS ACTION IS BARRED BY COLLATERAL ESTOPPEL

The doctrine of collateral estoppel (issue preclusion) bars Plaintiff's claims to the extent that he seeks to investigate and ultimately vacate the state courts' findings against him.

Collateral estoppel "bars consideration of an issue when (1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom [issue preclusion] is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *DePrima v. City of New York Dep't of Educ.*, No. 12 Civ. 3626 (MKB), 2014 U.S. Dist. LEXIS 37866, at *20 (E.D.N.Y. Mar. 20, 2014) (quoting *Dolan v. Roth*, 170 F. App'x 743, 746 (2d Cir. 2006) (internal citation and quotation marks omitted)).

Plaintiff seeks to compel the Attorney General to investigate – with the apparent goal of setting aside – the state courts' determinations that he did not own the air rights above the cooperative building, and that he committed frivolous litigation conduct, warranting sanctions. Plaintiff litigated these matters in state court, including his appeal of the air rights decision to the Appellate Division, First Department, and was unsuccessful. *See Brady,* 70 A.D.3d at 470, 894 N.Y.S.2d at 417 (affirming summary judgment against Plaintiff on air rights claim); *Brady*, 2014 N.Y. Misc. LEXIS 3193, at *1 (imposing sanctions). He cannot relitigate the same issues here.[3]

---

[3] This action is also barred on grounds of prosecutorial immunity. New York law affords "absolute immunity for conduct of prosecutors that was intimately associated with the judicial phase of the criminal process," including the decision whether to initiate a prosecution, and "qualified immunity when acting in an investigative capacity." *Kirchner v. County of Niagara*, 107 A.D.3d 1620, 1623, 969 N.Y.S.2d 277, 282 (4th Dep't 2013) (internal citations and quotation marks omitted). Here, Plaintiff seeks to compel the Attorney General to investigate, and ultimately take action, with respect to the state court determinations. The Attorney General is absolutely immune from court challenge with respect to a decision whether to initiate a prosecution, and the Complaint does not plausibly allege any facts to overcome the Attorney General's qualified immunity with respect to any "investigation."

17

## III. THE COMPLAINT FAILS TO STATE A CLAIM

The Complaint is subject to dismissal for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6).

### A. Legal Standards

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Malcolm v. Honeoye Falls Lima Cent. Sch. Dist.*, 483 Fed. App'x 660, 661 (2d Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although courts will read a *pro se* plaintiff's complaint liberally, *pro se* status does not "excuse a plaintiff from compliance with the pleading standards of the Federal Rules of Civil Procedure." *Jenkins v. New York City Dep't of Educ.*, No. 10 CV 6159 (BSJ) (THK), 2011 U.S. Dist. LEXIS 130815, at \*7-8 (S.D.N.Y. Nov. 9, 2011) (internal citation omitted), *aff'd*, 508 Fed. App'x 66, 2013 U.S. App. LEXIS 1834 (2d Cir. Jan. 28, 2013).

The sole claim asserted in the Complaint alleges, pursuant to 42 U.S.C. § 1983, a violation of Plaintiff's equal protection rights. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Ellison*, 2013 U.S. Dist. LEXIS 156293, at \*12-13 (quoting *Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004)).

### B. The Complaint Fails To Allege An Equal Protection Violation

The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const, amend. XIV, § 1. "The equal protection clause directs state actors to treat similarly situated people alike." *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995) (citing *Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). "To prove an equal protection violation, claimants must prove purposeful

18

discrimination, directed at an identifiable or suspect class." *Id.* (citing *McCleskey v. Kemp*, 481 U.S. 279, 292, (1987); *Kadrmas v. Dickinson Pub. Schs.*, 487 U.S. 450, 457-58 (1988)). In short, "The equal protection clause prohibits government officials from intentionally discriminating against individuals based on their race, ethnicity, gender or national origin." *Ross v. New Canaan Envt'l Comm'n*, 532 F. App'x 12 (2d Cir. 2013) (internal citation omitted).

The Complaint does not allege any of the elements of an equal protection violation. Plaintiff does not claim that he is a member of a protected or suspect class or that the Attorney General intentionally discriminated against him on the basis of membership in such a class. Nor does Plaintiff allege an equal protection claim on a "class-of-one" or "selective enforcement" theory. *Cf. Martine's Serv. Ctr., Inc. v. Town of Wallkill*, 554 F. App'x 32, 35 (2d Cir. 2014). Any such claim requires, among other elements, a showing that Plaintiff was treated differently from "others similarly situated." *Id.* The Complaint does not allege Plaintiff was treated differently from any similarly situated person. In short, Plaintiff has failed to assert any constitutional violation. His Complaint is subject to dismissal pursuant to Rule 12(b)(6).

## C. The Complaint Fails To State A Claim Under CPLR Article 78

Construing the Complaint as asserting an Article 78 claim for a writ of mandamus, moreover, the claim is subject to dismissal for failure to state a claim. Fed. R. Civ. P. 12(b)(6). The Complaint was untimely filed, as it seeks to compel an investigation of court decisions that preceded by several years the four-month limitations period applicable to Article 78 proceedings. *Matter of Banos v. Rhea*, 25 N.Y.3d 266, 276 (2015); CPLR § 217. On the merits, moreover, it is well-established that "[m]andamus does not lie to compel the performance of a discretionary act." *Garrison Protective Services, Inc. v. Office of Comptroller of the City of New York*, 92 N.Y.2d 732, 736, 685 N.Y.S.2d 921, 923 (1999); *accord Matter of Mullen v. Axelrod*, 74 N.Y.2d

580, 983, 549 N.Y.S.2d 953, 954 (1989). Mandamus to compel is an extraordinary remedy, *see Silverman v. Lobal*, 163 A.D.2d 62, 62-63, 558 N.Y.S.2d 23, 24 (1st Dep't 1990), and is available only "to enforce a clear legal right where [a] public official has failed to perform a duty enjoined by law." *New York Civil Liberties Union v. State*, 4 N.Y.3d 175, 184, 791 N.Y.S.2d 507, 513 (2005). *See also Matter of Crain Communications v. Hughes*, 74 N.Y.2d 626, 628, 541 N.Y.S.2d 971, 972 (1989).

As demonstrated above, Plaintiff cites no basis for his theory that the Attorney General is empowered to investigate the orders of state justices – much less that he has a mandatory duty to do so. Even assuming *arguendo* that the Attorney General has discretion in this matter, mandamus is unavailable to compel a discretionary act. *See, e.g., East Midtown Plaza Hous. Co. v. Cuomo*, 85 A.D.3d 485, 486, 926 N.Y.S.2d 404, 405 (1st Dep't 2011) (affirming dismissal of application for mandamus to compel, where housing company failed to carry its burden of proving that attorney general had non-discretionary duty to accept amendment to offering plan); *VSF Coalition, Inc. v. Scoppetta*, 13 A.D.3d 517, 518, 786 N.Y.S.2d 575, 576 (2d Dep't 2004) (holding that attorney general had discretion whether to bring an action, and could not be compelled by mandamus to do so) (citations omitted), *app. dismissed*, 5 N.Y.3d 817 (2005); *Matter of Okslen Acupuncture, P.C. v. Cuomo*, 27 Misc. 3d 1203(A), 910 N.Y.S.2d 406 (Sup. Ct. N.Y. Cnty. 2010) (no mandatory duty to prosecute alleged violation of General Business Law Art. 7), *aff'd*, 85 A.D.3d 661, 925 N.Y.S.2d 827 (1st Dep't 2011); *Matter of East Nassau Hebrew Congregation, Inc*., Index No. 020387/08, 2010 N.Y. Misc. LEXIS 6421, at \*8 (Sup. Ct. Nassau Cnty. Dec. 14, 2010) (holding that objecting parties had no clear legal right to mandamus requiring attorney general to bring proceeding to dissolve a not-for-profit corporation); *Matter of Lewis v. Lefkowitz*, 32 Misc. 2d 434, 223 N.Y.S.2d 221 (Sup. Ct. N.Y. Cnty. 1961).

### D.     Plaintiff Cannot Satisfy The Standard For A Mandatory Injunction

The sole relief sought in the Complaint is a preliminary injunction requiring the Attorney General to investigate the state court rulings described above. In addition to its failure to satisfy the elements of an equal protection claim, the Complaint does not meet the requirements for a mandatory injunction.

"A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the defendant by a clear showing, carries the burden of persuasion." *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007) (emphasis in original). "To justify a preliminary injunction, [the movant] must show (i) likelihood of success on the merits; (ii) irreparable harm; (iii) that the balance of the hardships decidedly tip in [the movant's] favor; and (iv) that the public interest would not be disserved by granting the injunction. " *Lawsky v. Condor Capital Corp.*, 2015 U.S. Dist. LEXIS 96347, at *5 (S.D.N.Y. July 21, 2015). Moreover, when a party seeks a mandatory injunction that requires the defendant to act affirmatively, disrupting the status quo, the burden is even higher. "A mandatory preliminary injunction 'should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief.'" *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010)).

Plaintiff has not satisfied this heightened test. He has shown no likelihood of success on the merits of an equal protection claim or a claim for mandamus relief under Article 78. Moreover, Plaintiff has not shown that he will suffer extreme and irreparable harm if the Attorney General is not compelled to "investigate" the state court decisions. Any such argument is untenable because, even assuming the Attorney General were empowered to conduct such an

21

investigation, Plaintiff cannot explain how such an investigation would alter the outcome of the prior state court litigation. Any alleged harm sustained by Plaintiff is the result of the orders entered in state court – not the lack of a *post hoc* investigation by the Attorney General. The balance of hardships and the public interest clearly weigh against granting the relief sought by Plaintiff, as the requested injunction would require the Attorney General to exceed his authority and intrude into matters consigned to the discretion of the New York State courts.

## CONCLUSION

For the foregoing reasons, the action should be dismissed, with prejudice, for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim on which relief can be granted, and the Court should award such other and further relief as it deems proper.

Dated: New York, New York
January 21, 2016

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York

By:

Michael A. Berg
Assistant Attorney General
120 Broadway, 24th floor
New York, New York 10271
Tel.: (212) 416-8651
Fax: (212) 416-6009
michael.berg@ag.ny.gov

*Attorneys for Defendant*