UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:** 07/13/2016

JAMES H. BRADY,

                Plaintiff,

       v.

ERIC SCHNEIDERMAN, Attorney General
for the State of New York,

                Defendant.

No. 15-CV-9141 (RA)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Before the Court is Defendant's motion to dismiss. It is granted.

## BACKGROUND

Plaintiff, a serial litigant proceeding *pro se*, seeks to compel Defendant, the Attorney General for the State of New York, to "investigate why . . . [Plaintiff] was sanctioned to pay almost \$400,000 in attorneys' fees" in a case Plaintiff filed in New York State court and "to ask the state [j]ustices why" they decided Plaintiff's various prior litigations as they did. Compl. ¶¶ 1–2. In bringing this lawsuit, Plaintiff invokes 42 U.S.C. § 1983 and alleges that by not investigating his claims, Defendant has violated his rights pursuant to the Equal Protection Clause of the Fourteenth Amendment. *See id.* ¶ 32.

Plaintiff filed his first lawsuit in state court in 2007, alleging that he owned the air rights to his commercial co-op building by virtue of the contract whereby he acquired the top-floor unit of the building. *See generally* Compl. Ex. F at 3–5 (describing Plaintiff's 2007 lawsuit). The court disagreed, and the Appellate Division of the First Judicial Department affirmed. *See Brady v. 450 W. 31st Owners Corp.*, 70 A.D.3d 469 (N.Y. App. Div. 2010).

In 2013, Plaintiff filed two additional lawsuits in state court against 22 total defendants, also related to the air rights to his building. *See generally* Compl. Ex. F at 6–8 (describing claims in 2013 lawsuit). On July 15, 2015, the court dismissed Plaintiff's claims and concluded that he "acted in bad faith in bringing" them. *Id.* at 21. The court also found that Plaintiff engaged in "a near perfect example of frivolous conduct" in that he "ignored" the various court rulings from his 2007 lawsuit and instead "brought these meritless actions, abusing the judicial process." *Id.* at 22–23. On this basis, the court imposed sanctions against Plaintiff by awarding attorneys' fees to all the defendants Plaintiff sued. *See id.* at 23–25. Plaintiff asserts these fees amount to "almost $400,000." Compl. ¶ 1.

Following the conclusion of his 2007 lawsuit and continuing through the conclusion of his 2013 lawsuits, Plaintiff alleges that he wrote multiple letters to Defendant claiming that the justices deciding his cases were corrupt. *See id.* ¶¶ 60–64. Plaintiff also alleges that Defendant declined to investigate. *See id.* ¶¶ 39, 65. According to Plaintiff, Defendant "failed to perform [his] duty" as Attorney General. *Id.* ¶ 66.

On March 25, 2015, Plaintiff raised similar allegations in a lawsuit he filed in this district against Defendant, the New York State Commission on Judicial Conduct, New York County District Attorney Cyrus R. Vance, and Governor Andrew Cuomo. *See* Civil Action, *Brady v. N.Y. State Comm'n on Judicial Conduct*, No. 15-CV-2264 (S.D.N.Y. Mar. 25, 2015), Dkt. 1. On April 29, 2015—approximately one week before the initial conference in the action—Plaintiff voluntarily dismissed all his claims without prejudice. *See* Notice of Voluntary Dismissal Pursuant to F.R.C.P. 41(a)(1)(A)(i), *Brady v. N.Y. State Comm'n on Judicial Conduct*, No. 15-CV-2264 (S.D.N.Y. Apr. 29, 2015), Dkt. 9.

Plaintiff filed this lawsuit on November 20, 2015. *See* Dkt. 1. Defendant moved to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the Court lacks subject matter jurisdiction over Plaintiff's claim and that Plaintiff has failed to state a claim upon which relief can be granted. *See* Dkt. 11. Plaintiff opposed the motion, *see* Dkt. 14, Defendant filed a reply, *see* Dkt. 15, and Plaintiff filed a sur-reply, *see* Dkt. 16.

## LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where, as here, the complaint was filed *pro se*, it must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). "Nonetheless, a *pro se*

3

complaint must state a plausible claim for relief." *Id.* (citing *Harris v. Mills*, 572 F.3d 66, 73 (2d Cir. 2009).

## DISCUSSION

In the Complaint, Plaintiff asserts that he "is only suing for equitable relief," Compl. ¶ 78, namely a "Mandatory Injunction." He defines "Mandatory Injunction" as "an injunction [that] orders a party or requires them [*sic*] to do an affirmative act or mandates a specified course of conduct." *Id.* ¶ 37; *see also id.* ¶¶ 1–3, 8, 25, 29, 37–38, 47, 67–69, 71, 76, 78. According to Plaintiff, "the status quo that needs to be changed is the inaction of [Defendant], who has failed to perform his constitutionally-mandated [*sic*] duty to investigate" the state court decisions against Plaintiff. *Id.* ¶ 39. Because Plaintiff lacks standing to compel Defendant to investigate anyone or anything in particular, his claim must be dismissed.

### I.   Standing

Plaintiff lacks standing to seek an injunction compelling Defendant to investigate specific individuals for specific conduct. To establish standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

It is well established that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). This is so because "[a] crime victim who sues to force the prosecution of the person who did [him]

4

wrong was injured by that person, not by the failure to prosecute that person." *Fiorito v. DiFiore*, No. 13-CV-2691 (CS), 2014 WL 4928979, at *3 (S.D.N.Y. Oct. 2, 2014) (citing *Linda R.S.*, 410 U.S. at 618). A citizen thus "lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Linda R.S.*, 410 U.S. at 619. Nor does a private citizen "have standing to challenge the [prosecutor's] failure to investigate." *Fiorito*, 2014 WL 4928979, at *3; *see also Weisshaus v. New York*, No. 08-CV-4053 (DLC), 2009 WL 2579215, at *3 (S.D.N.Y. Aug. 20, 2009) (concluding that "the complainant's injury is not fairly traceable to the failure to investigate, or that a prosecution or investigation would not redress the injury"); *Watson v. Bush*, No. 09-CV-1871 (RMD), 2010 WL 1582228, at *4 (N.D. Ill. Apr. 20, 2010) ("Plaintiff lacks standing to assert a claim seeking to compel the prosecution of a third party."); *cf. Doe v. Mayor & City Council of Pocomoke City*, 745 F. Supp. 1137, 1139 (D. Md. 1990) ("The Court is not aware of a constitutional, statutory, or common law right that a private citizen has to require a public official to investigate or prosecute a crime. These are discretionary public duties that are enforced by public opinion, policy, and the ballot.").

The injury Plaintiff alleges he suffered—namely, the effect of the various trial and appellate court decisions in his 2007 and 2013 lawsuits—are accordingly not traceable to Defendant's alleged failure to investigate those decisions or the individuals who made them. In other words, even accepting Plaintiff's allegations as true, Defendant did not cause Plaintiff any cognizable harm. Plaintiff accordingly lacks standing to compel Defendant to investigate and/or prosecute the state court justices and judges who decided his prior lawsuits.[1]

---

[1] To the extent that the Complaint can also be read to seek § 1983 damages from Defendant in his individual capacity insofar as Defendant's inaction "resulted in the damages" to Plaintiff, Compl. ¶ 66, it fails because Defendant is absolutely immune from suit. Absolute immunity "attaches to prosecutorial functions that are intimately associated with initiating or presenting the State's case." *Flagler v. Trainor*, 663 F.3d 543, 547 (2d Cir. 2011). In other words, "[p]rosecutors are absolutely immune from suit only when acting as advocates and when their conduct involves the exercise of discretion." *Id.* Numerous courts have held that a prosecutor's decision not to investigate is entitled to absolute immunity because "the decision not to investigate is so closely intertwined with the decision not to prosecute

5

## II.   Other Arguments

Defendant argues that this case can be dismissed on five alternate grounds, namely sovereign immunity, the *Rooker-Feldman* doctrine, the jurisdiction of New York State courts over Article 78 proceedings to secure writs of mandamus over state officials, collateral estoppel, and for failure to state a claim under either the Equal Protection Clause or Article 78. *See* Def.'s Br. at 10–20. The Court need not address these arguments, however, in light of the grounds for dismissal discussed above.

## III.   Leave to Amend

"District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not warranted where it would be futile." *Boone v. Codispoti & Assocs. P.C.*, No. 15-CV-1391 (LGS), 2015 WL 5853843, at \*5 (S.D.N.Y. Oct. 7, 2015) (citing *Hill*, 657 F.3d at 122–24). Amendment is futile when "[t]he problem with [a plaintiff's] causes of action is substantive" and "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Such is the case here, as the Court cannot grant Plaintiff the relief he seeks against the defendant he sued. Leave to amend is thus denied.

---

that to deny immunity for failure to investigate would offer an obvious means to circumvent the doctrine of prosecutorial immunity." *Trammell v. Coombe*, No. 95-CV-1145 (LAP), 1996 WL 601704, at \*3 (S.D.N.Y. Oct. 18, 1996); *see also Raghavendra v. Nat'l Labor Relations Bd.*, No. 08-CV-8120 (PAC) (HBP), 2009 WL 5908013, at \*14 (S.D.N.Y. Aug. 27, 2009) ("To the extent that plaintiff is challenging [defendant's] decision not to conduct an investigation or her failure to conduct a 'meaningful' investigation prior to dismissing his complaint, [defendant] is . . . entitled to absolute immunity."); *Tabor v. New York City*, No. 11-CV-195 (FB) (CLP), 2012 WL 603561, at \*5 (E.D.N.Y. Feb. 23, 2012) ("[P]rosecutors are entitled to absolute immunity when accused of a failure to investigate."), *adopted by* No. 11-CV-195 (FB), 2012 WL 869424 (E.D.N.Y. Mar. 14, 2012).

## **CONCLUSION**

Defendant's motion to dismiss is granted with prejudice. The Clerk of Court is respectfully

directed to terminate item number 11 on the docket and to close this case.

SO ORDERED.

Dated:    July 13, 2016
          New York, New York

_____
Ronnie Abrams
United States District Judge