UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAMES H. BRADY,

                           Plaintiff,

       -against-

ERIC SCHNEIDERMAN,
Attorney General for the State of New York,

                          Defendant.
------------------------------------------------------------X

No. 15 Civ. 9141 (RA)

## DECLARATION OF MICHAEL A. BERG
## IN RESPONSE TO PLAINTIFF'S PROPOSED AMENDED COMPLAINT

**MICHAEL A. BERG**, an attorney admitted to practice law in the United States District Court for the Southern District of New York, respectfully submits this Declaration pursuant to 28 U.S.C. § 1746.

1.    I am an Assistant Attorney General in the Office of Eric T. Schneiderman, Attorney General of the State of New York (the "Attorney General"), the defendant in this action brought by Plaintiff *pro se* James H. Brady and dismissed by Opinion & Order of this Court dated July 13, 2016 (ECF No. 25) (the "July Order"). I make this Declaration on behalf of the Attorney General based upon my personal knowledge and my review of the case file.

2.    The Attorney General respectfully requests that the Court accept this Declaration in response to Plaintiff's Reply Affidavit and proposed Amended Complaint filed December 22, 2016 (ECF No. 32), in support of his letter-motion dated October 24, 2016 (ECF No. 29) seeking leave to "renew" and amend his dismissed Complaint.

3.    Plaintiff did not file a proposed amended pleading with his letter-motion; his

proposed Amended Complaint was not filed until after the Attorney General opposed Plaintiff's application by letter dated December 8, 2016 (ECF No. 31). Consequently, the Attorney General has had no opportunity to address the deficiencies of the proposed Amended Complaint.

### The Proposed Amended Complaint Does Not Cure The Dismissed Complaint's Defects

4. The original Complaint dated November 20, 2015 (ECF No. 1) sought to compel the Attorney General to "investigate why" Plaintiff was sanctioned in state-court litigation concerning the air rights above a cooperative building in Manhattan, and to "ask the state Justices why" they ruled against Plaintiff on the merits. Compl. ¶¶ 1-2. In the July Order, this Court held that "[b]ecause Plaintiff lacks standing to compel Defendant to investigate anyone or anything in particular, his claim must be dismissed." July Order, at 4.

5. The July Order also denied Plaintiff leave to file an amended complaint, holding that the defect in the Complaint was "substantive" and that "better pleading will not cure it." *Id.* at 6 (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

6. The proposed Amended Complaint does not cure the original Complaint's fatal defects. Once again, Plaintiff impermissibly "seeks a Mandatory Injunction compelling the Attorney General" to take action to "protect" Plaintiff's asserted rights under the cooperative's offering plan. Am. Compl. ¶ 2. Alternatively, the proposed Amended Complaint seeks an order "to require the NYAG to press the Appellate Division justices or Court of Appeals justices to answer as to which interpretation of Plaintiff's rights governs." *Id.* ¶ 5. *See also id.* ¶ 77 (alleging that "the status quo that needs to be changed is the inaction of the Attorney General of New York").

7. As the foregoing allegations demonstrate, the proposed Amended Complaint

seeks to compel the Attorney General to take enforcement and investigative actions. *See id.* ¶¶ 2, 5, 77. The July Order expressly held that Plaintiff lacks standing to bring such a claim. *See* July Order at 4-5 (citing cases).

### Plaintiff Cannot Replead His Previously Dismissed Constitutional Claims

8. The proposed Amended Complaint attempts to allege violations of Plaintiff's asserted rights under the Equal Protection Clause of the Fourteenth Amendment and the Takings Clause of the Fifth Amendment. Am. Compl. ¶ 3. Both claims have been dismissed previously.

9. Plaintiff's original Complaint expressly alleged an Equal Protection violation. Compl. ¶¶ 4, 5, 32, 67. The claim was dismissed because the purported violation was the Attorney General's alleged failure to investigate the state judges, and the remedy sought by Plaintiff was an order compelling him to do so. Plaintiff lacked, and still lacks, standing to assert such a claim.

10. The proposed Amended Complaint also purports to assert a claim under the Takings Clause of the Fifth Amendment. Am. Compl. ¶ 3. But as stated in the original Complaint, Plaintiff previously brought a takings claim against the Attorney General in the New York State Court of Claims. Compl. ¶¶ 6, 52; *id.*, Ex. A. That claim was dismissed by a Decision and Order dated October 23, 2015, and filed February 10, 2016, a true and complete copy of which is attached as Exhibit A. Pursuant to principles of *res judicata* and the *Rooker-Feldman* doctrine, Plaintiff's Fifth Amendment takings claim cannot be relitigated here.[1]

---

[1] The proposed Amended Complaint also fails to state an Equal Protection Clause or Takings Clause claim against the Attorney General on which relief can be granted. *See Aikens v. Royce*, No. 14-CV-663 (KMK), 2016 U.S. Dist. LEXIS 136031, at *24 & n.12 (S.D.N.Y. Sept. 30, 2016) (setting forth elements of Equal Protection claims); *Guichard v. Town of Brookhaven*, 26 F. Supp. 3d 219, 225 (E.D.N.Y. 2014) (setting forth elements of Takings Clause claims). Thus, for jurisdictional, procedural, and substantive reasons, amendment is futile.

### The *Rooker-Feldman* Doctrine Bars The Proposed Amended Complaint

11.     Plaintiff argues that the proposed Amended Complaint is not barred by the *Rooker-Feldman* doctrine. *See, e.g.*, Pl.'s Reply Aff. ¶¶ 11-12. But the proposed pleading, like the original Complaint, makes it abundantly clear that Plaintiff seeks to vacate the state court decisions that sanctioned him and denied his air rights claim. *See, e.g.*, Am. Compl. ¶ 4 (alleging that this Court has authority "to vacate the lower [state] court Decision"); *id.* ¶ 37 (alleging that Plaintiff "seek[s] to vacate a lower [state] court decision"); *id.* ¶ 42 (alleging that the Attorney General "did nothing when shown the black and white evidence" that a "sitting state court judge had rewritten a higher court decision"); *id.* ¶ 67 (seeking to redress the state courts' purportedly "cruel, unjust and unlawful actions").

12.     In short, the Amended Complaint seeks to relitigate the contract dispute that Plaintiff lost in state court. Am. Compl. ¶¶ 16-41. *Rooker-Feldman* bars any such claim, and provides an additional basis to deny Plaintiff's motion.

### Plaintiff Is Not Entitled To Relief From The Final Judgment Dismissing This Action

13.     Plaintiff does not dispute that to obtain relief from a final judgment pursuant to Rule 60(b)(2), the moving party "must meet an onerous standard by demonstrating, among other things, that the newly discovered evidence is admissible and of such importance that it probably would have changed the outcome of the case." *Abdul-Hakim Bey v. Iaquinto*, No. 12 Civ. 5875 (JCF), 2016 U.S. Dist. LEXIS 15720, at *11 (S.D.N.Y. Feb. 4, 2016) (internal quotation marks omitted) (citing *Reese v. McGraw-Hill Cos.*, 293 F.R.D. 617, 622 (S.D.N.Y. 2013) (citing *United States v. Int'l B'hood of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001))).

14.     Plaintiff argues that the purported new evidence – recent testimony by the

cooperative's sponsor – would have changed the outcome of his state court air rights litigation. See Pl.'s Mot. at 5.

15. Plaintiff's argument is immaterial. The salient question is not whether new evidence would have affected the outcome of Plaintiff's state court case, but whether it would have changed this Court's holding that Plaintiff lacked standing to sue the Attorney General. The purportedly new evidence cited by Plaintiff has no bearing on the standing question – nor would it affect any of the grounds for dismissal set forth in the Attorney General's motion to dismiss.

## Conclusion

16. For the foregoing reasons and those set forth in the Attorney General's letter of December 8, 2016, Plaintiff's letter-motion to "renew" and amend his complaint should be denied in its entirety.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 29, 2016.

MICHAEL A. BERG
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2016, I served the foregoing Declaration of Michael A. Berg, with the attached exhibit and copies of unreported cases cited therein, by email and UPS overnight delivery service upon the following named person:

> Mr. James H. Brady
> 450 West 31st Street
> 12th Floor
> New York, New York 10001
> bradyny@gmail.com
> (201) 923-5511
> Plaintiff *Pro Se*

MICHAEL A. BERG