# Exhibit A

STATE OF NEW YORK          COURT OF CLAIMS

JAMES BRADY,

                                        Claimant,      DECISION AND ORDER

-v-

THE STATE OF NEW YORK, THE NEW YORK COMMISSION ON JUDICIAL CONDUCT, NEW YORK STATE ATTORNEY GENERAL'S OFFICE and THE OFFICE OF GOVERNOR ANDREW CUOMO,

                                        Defendants.

Claim Nos.   126067
             126268
Motion Nos.  M-86807
            M-86988

FILED FEB 10 2016 STATE COURT OF CLAIMS ALBANY, NY

RECEIVED NYS OFFICE OF THE FEB 10 2016 ATTORNEY GENERAL CLAIMS BUREAU

**BEFORE:** HON. THOMAS H. SCUCCIMARRA
Judge of the Court of Claims

**APPEARANCES:**

For Claimant:
JAMES BRADY, PRO SE

For Defendants:
HON. ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL OF THE STATE OF NEW YORK
BY: PAUL F. CAGINO
ASSISTANT ATTORNEY GENERAL

The following papers were read and considered on the pending motions:

1, 2  Notice of Motion, Affirmation in Support of Motion to Dismiss in Lieu of Answer by Paul F. Cagino, Assistant Attorney General, dated June 4, 2015, and attached exhibits

3, 4  Notice of Motion, Affirmation in Support of Motion to Dismiss in Lieu of Answer by Paul F. Cagino, Assistant Attorney General, dated July 16, 2015, and attached exhibits

5    Opposition to Defendant Attorney General's Office's Motion to Dismiss by James Brady, Claimant, and attached exhibits

Claim Nos. 126067, 126268, Motion Nos. M-86807, M-86988                                Page 2

6, 7    Filed Papers: "Notice of Claim" filed May 1, 2015, assigned Claim No. 126067; "Complaint" filed June 9, 2015, assigned Claim No. 126268

James Brady alleges, in the two documents filed with the office of the Chief Clerk of the Court of Claims as claims on May 1, 2015 and June 9, 2015, and assigned claim numbers 126067 and 126268, respectively, that the State of New York, the New York State Commission on Judicial Conduct, the Attorney General's office, and the Governor's office failed to afford claimant constitutional protections - in the context of other lawsuits, and in administrative or other determinations - allowing seizure by a private New York City developer of air rights contractually provided to Mr. Brady under a cooperative offering plan.

The first pre-answer motion to dismiss, addresses Claim No. 126067, filed on May 1, 2015, in which claimant asserts that the various actors violated his right to equal protection secured by the Fourteenth Amendment to the federal constitution, in violation of 42 USC §1983, and alleges other state law causes of action in the form of negligent infliction of emotional distress, gross negligence and *prima facie* tort. Defendant argues that claimant has failed to state a cause of action upon which relief may be granted based upon judicial immunity, lack of jurisdiction, and prosecutorial immunity.

In matters underlying the present claim, claimant instituted several lawsuits, and took appeals, all concerning the issue of his entitlement to utilize the air rights above the co-op. The most recent determination appears to have been one by the Court of Appeals on May 5, 2015, denying claimant's motion for leave to appeal a July 2014 decision by a Supreme Court Justice dismissing two lawsuits he filed, on collateral estoppel grounds. The two lawsuits had been filed after the Appellate Division determined in 2010 that the offering plan did not convey air rights to

Claim Nos. 126067, 126268, Motion Nos. M-86807, M-86988                                   Page 3

claimant, the Court of Appeals denied his motion for leave to appeal the 2010 Appellate Division determinations in 2011, and reargument concerning denial of his motion for leave to appeal was also denied. [Cagino Affirmation dated June 4, 2015, Exhibits B, C, D, E, F, G]. According to his claim, Mr. Brady sent a series of letters to the Commission on Judicial Conduct, the Moreland Commission to Investigate Public Corruption, the Federal Bureau of Investigation, the Attorney General's office, and the Governor's office, alleging judicial corruption as the reason for the adverse rulings he suffered concerning the air rights.

A lawsuit in Federal Court was filed on March 25, 2015, complaining of inaction in response to complaints of judicial corruption, but was voluntarily dismissed on April 29, 2015. [Cagino Affirmation dated June 4, 2015, Exhibit H]. Another lawsuit in State Supreme Court was commenced on May 6, 2015, and was still active at the time of the present motion application. [Cagino Affirmation dated June 4, 2015, ¶ 13].

Judicial immunity bars any action against Judges of this State for their judicial acts, and the State is not liable for such judicial officer's alleged errors. Unless the judicial acts were performed without any jurisdiction over the subject matter, or were not made in the Judge's judicial capacity, judicial immunity applies. Stump v Sparkman, 435 US 349, 355-356 (1978) *rehearing denied* 436 US 951; Colin v County of Suffolk, 181 AD2d 653 (2d Dept 1992), *app denied*, 80 NY2d 756 (1992); Sassower v Finnerty, 96 AD2d 585, 586 (2d Dept 1983)[1], *app*

---

[1] "Judicial immunity extends to all judges and encompasses all judicial acts, even if such acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly . . . (*citations omitted*). There is a distinction between acts performed in excess of jurisdiction and acts performed in the clear absence of jurisdiction over the subject matter. The former is privileged, the latter is not *(Murray v Brancato, supra)* . . . The acts complained of in the amended complaint were performed by the . . . [respondent Surrogates] while in the exercise of their judicial roles. Although said acts may have been in excess of their jurisdiction [based on knowledge acquired outside the evidence before them], they were not performed in the complete absence of jurisdiction . . ." Sassower v Finnerty, *supra*, at 586-587.

*dismissed*, 61 NY2d 756 (1984); *see also* <u>Murray v Brancato</u>, 290 NY 52, 55 (1943); <u>Fraccola v State of New York</u>, 40 Misc 3d 1203 (A) (Ct Cl 2013).

Even gross negligence, which requires a showing of reckless indifference to the rights of others beyond mere negligence, is not actionable against a judge acting in her judicial capacity. By asserting corruption because he has received adverse determinations, claimant does not show that members of the judiciary acted "in clear absence of all jurisdiction," the threshold standard. <u>Stump v Sparkman</u>, 435 US *at* 357.

To the extent that the claimant characterizes the judges' actions as criminal behavior, this Court has noted elsewhere that while criminal conduct is not covered by judicial immunity, "it cannot be the basis for a civil claim for damages against the state, because such conduct is not performed in the furtherance of the State's business." *See* <u>Palmieri v State of New York</u>, UID No 2005-030-912 (Ct Cl, Scuccimarra, J., Mar. 25, 2005).

The State of New York is not a "person" within the meaning of the federal civil rights statutes, including 42 USC §1983, and this Court, whose jurisdiction is limited to actions against the state and certain state-related entities [Court of Claims Act §§ 8, 9], has no power to adjudicate claims arising out of such statutes. *See e.g.* <u>Welch v State of New York</u>, 286 AD2d 496, 498 (2d Dept 2001). The Court of Claims has no jurisdiction over claims alleging violations of the United States Constitution. <u>Carver v State of New York</u>, 79 AD3d 1393, 1395 (3d Dept 2010), *lv denied* 17 NY3d 707 (2011); <u>Lyles v State of New York</u>, 2 AD3d 694, 696 (2d Dept 2003), *affd* 3 NY3d 396 (2004).

Public policy prevents the assertion of a claim alleging the tort of intentional infliction of emotional distress against the State of New York. <u>Wheeler v State of New York</u>, 104 AD2d 496,

498 (2d Dept 1984); De Lesline v State of New York, 91 AD2d 785, 786 (3d Dept 1982) *appeal denied* 58 NY2d 610 (1983). Negligent infliction of emotional distress requires allegations of harm that shows the harm is "direct rather than consequential," is based upon the alleged breach of duty, and when such claim of harm possesses "some guarantee of genuineness," not present here. *See* Taggart v Costabile, 131 AD3d 243, 252 (2d Dept 2015).

The Attorney General's office enjoys immunity from civil suit as well, for official acts performed, including a determination not to prosecute. Schanbarger v Kellogg, 35 AD2d 902 (3d Dept 1970), *app dismissed* 29 NY2d 649 (1971), *cert denied* 405 US 919 (1972); *see also* Executive Law §63. The doctrine of prosecutorial immunity even protects acts performed during the litigation process that can be viewed as performed to advance the personal interests of the charged employees, and cannot form the basis of a lawsuit against the State, because "vicarious liability cannot be imposed upon the State as employer under the doctrine of *respondeat superior* in such circumstances . . . (*citations omitted*)." Ryan v State of New York, 56 NY2d 561, 562 (1982).

Likewise, "the Court of Claims has no jurisdiction to review the decision of the Commission on Judicial Conduct not to pursue charges against a judge." *See* VIP v State of New York, UID No 2011-029-001 (Ct Cl, Mignano, J., Jan. 5, 2011); *see also* Matter of Walker v New York State Commn. on Jud. Conduct, 42 Misc 3d 1204 (A) (Sup Ct NY Co 2013).

Finally the requisite elements of a cause of action sounding in *prima facie* tort include (1) the intentional infliction of harm, (2) which results in special damages, (3) without any excuse or justification, (4) by an act or series of acts which would otherwise be lawful. *See* Freihofer v Hearst Corp., 65 NY2d 135, 142-143 (1985). Claimant has not alleged any special damages with

the required specificity, has not set forth that the defendants' actions were motivated by "disinterested malevolence," [EECP Ctrs. of Am. v Vasomedical, Inc., 265 AD2d 372 (2d Dept 1999)], and the allegations allegedly constituting a *prima facie* tort are the same allegations that form the basis of the other torts he alleges. *See generally* Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314 (1983).

Giving claimant the benefit of every possible favorable inference, the facts alleged in the claim fail to state a cause of action, or ask the Court to assume subject matter jurisdiction it does not possess. Civil Practice Law and Rules §§ 3211(a)(2) and (7). Claimant is clearly dissatisfied with various determinations made in prior civil proceedings, and in his appeals - all of which this Court has reviewed - but his recourse is further appeal, motion, or review of administrative decisions pursuant to a proceeding brought under Article 78 of the Civil Practice Law and Rules, not an action for monetary damages in the Court of Claims, constituting an impermissible collateral attack.

Based on the foregoing, defendant's motion to dismiss Claim Number 126067 is granted in all respects.

The second pre-answer motion to dismiss brought by defendant, addresses Claim No 126268, filed on June 9, 2015. This document was not verified [Civil Practice Law and Rules §§ 3020, 3021], and was returned to claimant by the Attorney General's office as a nullity in accordance with Civil Practice Law and Rules §3022. [Cagino Affirmation dated July 16, 2015, ¶ 3, Exhibit A]. A subsequent "verified complaint" was served on June 22, 2015, and filed in the Clerk's office on June 19, 2015. [*Ibid.*, Exhibit B].

Claim Nos. 126067, 126268, Motion Nos. M-86807, M-86988                                  Page 7

The verified complaint repeats and expands upon the factual underpinnings of the first claim Mr. Brady filed with this Court, and separately sets forth essentially the same causes of action asserted in the first claim.

Defendant moves to dismiss by reason of the same jurisdictional and other infirmities present in the first claim filed, as well as the additional ground that another action is pending (albeit one subject to dismissal). *See* Civil Practice Law and Rules §§ 3211(a)(2), (4) and (7). An additional jurisdictional ground is also raised with regard to the alleged failure to timely serve and file this claim as well. Court of Claims Act §§ 11(a)(i) and (c).

Based upon the asserted accrual date of February 6, 2015 [Claim No. 126268, ¶¶ 13 and 91], defendant also moves to dismiss Claim No 126268 as untimely served and filed more than 90 days after such accrual. Court of Claims Act §§ 10(3), (3-b), 11 (a)(i). The Attorney General's office has provided an affidavit by a person with knowledge, Janet Barringer, an office assistant in the Albany Office of the Attorney General's office, who indicates that she is responsible for being familiar with the record keeping system of the claims bureau, and keeps track of papers served. [Cagino Affirmation dated July 16, 2015, Exhibit H]. After conducting a search, Ms. Barringer attests that she found no record of a "notice of intention to file a claim" having been served upon the Attorney General's office and, other than the initial unverified complaint claimant served on June 15, 2015, and the verified complaint he served on June 22, 2015, only copied correspondence from the Clerk's office concerning the Court's receipt of these documents was found. [*Id.*].

It cannot be ignored, however, that the service on May 1, 2015 of Claim No 126067 gave actual notice of claimant's intentions, and was timely based upon that same accrual date

Claim Nos. 126067, 126268, Motion Nos. M-86807, M-86988                                    Page 8

(however unlikely such date may be as an appropriate accrual date, given the allegations of the claims). Thus grounds for dismissal on a timeliness basis is not made out under the peculiar procedural posture of this claim.

More substantively, and without reciting chapter and verse of the rationale present in this Court's granting the motion to dismiss Claim No. 126067, the same reasons inform defendant's motion to dismiss Claim No. 126268 - which is granted - with the additional ground that at the time Claim No.126268 was served and filed, there was another action pending and the motion to dismiss it was sub judice.

Based on the foregoing, defendant's motions to dismiss Claim No 126067 and Claim No 126268 are hereby granted, and both claims are entirely dismissed.

White Plains, New York
October 23, 2015

THOMAS H. SCUCCIMARRA
Judge of the Court of Claims