USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 02/28/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES H. BRADY,

                Plaintiff,

v.

ERIC SCHNEIDERMAN, Attorney General for the State of New York,

                Defendant.

No. 15-CV-9141 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

On July 13, 2016, the Court dismissed Plaintiff's Complaint with prejudice. Dkt. 25. Judgment was entered on August 15, 2016. Dkt. 27. On October 24, 2016, Plaintiff sought leave to file an Amended Complaint and "renew" the case. Dkt. 29. This application is denied.

"A party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *accord Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 245 (2d Cir. 1991) ("Unless there is a valid basis to vacate the previously entered judgment, it would be contradictory to entertain a motion to amend the complaint."). Although in some circumstances it may be appropriate for a court "to take into account the nature of the proposed amendment in deciding whether to vacate the previously entered judgment," *Ruotolo*, 514 F.3d at 191 (quotation marks omitted), "care must be taken to avoid allowing [Rule 15's policy of liberal amendment] to be used to contravene the policy in favor of the finality of judgments," *In re Star Gas Sec. Litig.*, 241 F.R.D. 428, 431 (D. Conn. 2007) (quotation marks omitted).

Plaintiff argues that the judgment should be vacated pursuant to Rule 60(b)(2) because he has discovered new evidence that provides additional support for his claims. This argument fails

because the evidence cited by Plaintiff is not "of such importance that it probably would have changed the outcome" of the Court's decision to dismiss the case. *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001) (quotation marks omitted). The case was dismissed because Plaintiff lacked standing to compel Defendant, Attorney General Schneiderman, to investigate or prosecute state court justices and judges. *See* Dkt. 25, at 4–5. The Court also held that Defendant was absolutely immune from any claim for damages under 42 U.S.C. § 1983 that arose out of his alleged inaction. *See id.* at 5–6 n.1. New evidence will not change either of these conclusions. Plaintiff's proposed Amended Complaint suffers from the same deficiencies that doomed the original Complaint. *See, e.g.*, Proposed Am. Compl. ¶¶ 53, 64, 90–96 (seeking an injunction "compelling [Defendant] to perform his statutory duties," alleging that Defendant had "probable cause to investigate" a state court justice, and appearing to assert a § 1983 claim).[1]

Plaintiff also mentions Rule 60(b)(3) and (4), but he does not otherwise argue that the judgment in this case is void or tainted by fraud, *but see, e.g., id.* ¶¶ 56, 71 (alleging that a state court judgment involving Plaintiff was fraudulently obtained), nor could he plausibly do so. Plaintiff has thus failed to assert a valid basis for vacatur, and his application is therefore denied.

SO ORDERED.

Dated:   February 28, 2017
         New York, New York

_____
Ronnie Abrams
United States District Judge

---

[1] To the extent that the proposed Amended Complaint can be read to assert a new claim asking the Court to invalidate or declare invalid prior state court judgments to which Plaintiff was a party, *see, e.g.*, Proposed Am. Compl. ¶¶ 4, 37, the Court lacks the authority to grant such relief. *See Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 86–87 (2d Cir. 2005) ("*Rooker–Feldman* bars a federal claim, whether or not raised in state court, that asserts injury based on a state judgment and seeks review and reversal of that judgment; such a claim is 'inextricably intertwined' with the state judgment.").