**MANDATE**

16-3122-cv
*Brady v. Schneiderman*

N.Y.S.D. Case #
15-cv-9141(RA)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

<u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of March, two thousand eighteen.

PRESENT:

    AMALYA L. KEARSE,
    GUIDO CALABRESI,
    DENNY CHIN,
        *Circuit Judges*.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 02, 2018
```

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JAMES H. BRADY,

    *Plaintiff-Appellant*,

    v.                                                                        16-3122-cv

ERIC T. SCHNEIDERMAN, Attorney General
for the State of New York,

    *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        James H. Brady, *pro se*, Wyckoff, New Jersey.

**MANDATE ISSUED ON 05/02/2018**

| | |
|---|---|
| FOR DEFENDANT-APPELLEE: | David Lawrence III, Assistant Solicitor General, Barbara D. Underwood, Solicitor General, Steven C. Wu, Deputy Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, New York. |

Appeal from the United States District Court for the Southern District of New York (Abrams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** as set forth below.

Plaintiff-appellant James H. Brady, proceeding *pro se*, appeals from a judgment entered August 15, 2016. Brady sued the New York Attorney General under 42 U.S.C. § 1983, seeking an injunction to require defendant-appellee Eric T. Schneiderman, Attorney General of the State of New York, to investigate and prosecute alleged judicial corruption related to Brady's prior unsuccessful state court litigation over the air rights to the space above the building in which he owned an apartment. The district court dismissed the complaint with prejudice because Brady lacked standing to compel the Attorney General to investigate or prosecute the state court judges who ruled against him, and Brady appealed. We assume the parties' familiarity

2

with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's determination on standing. *Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 84-85 (2d Cir. 2014). To establish constitutional standing, a plaintiff must show an injury in fact that is causally connected to the challenged conduct and that is likely to be redressed by a favorable decision. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). We conclude that the district court properly determined that Brady lacked standing for substantially the reasons set forth in its July 13, 2016 opinion and order.

Although the judgment of the district court stated that the dismissal was "with prejudice," a caveat not applicable to dismissals for lack of federal jurisdiction, *see e.g.*, *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54-55 (2d Cir. 2016); *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999), we instead understand the district court (a) to have meant that the complaint asserts only claims that Brady cannot pursue in federal court, and (b) to have had in mind that Brady has been warned by the state court not to continue his "near perfect example of frivolous conduct" in "prosecuting claims that have either been determined or that he has been told are not ripe," *see Brady v. 450 W. 31st St. Owners Corp.*, 2014 WL 3515939, at *13 (N.Y. Sup. Ct. July 15, 2014).

3

We have considered all of Brady's arguments and find them to be without merit. Accordingly, the judgment is deemed amended to incorporate our understanding set forth above, and as thus amended is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

4